SOUTHERN HOTEL COMPANY, Respondent, v. NEWMAN, Appellant.

1. Acts of corporations may be proved in the same manner as the acts of individuals; if there be no record evidence, they may be proved by the testimony of witnesses.
2. *Held,* in a suit on a subscription to the stock of an incorporated company, that it was competent for the defendant to show by oral testimony, in the absence of record evidence, that the subscription list, upon which defendant's name appeared, was annulled and abandoned, and that another subscription was subsequently opened and made the basis of the organization of the company by the stockholders.

*Appeal from St. Louis Court of Common Pleas.*

The facts sufficiently appear in the opinion of the court.

*Garesché & Bakewell,* for appellant.

I. The court required an impossibility. It was impossible for the defendant to produce a record that did not exist, or to account for the absence of a record that never had an existence. It was competent for the defendant to prove by the corporators, or any one of them, facts which directly and by virtue of the provisions of the charter came within their knowledge, and of which there was no record evidence. Plaintiff's evidence showed that there was no organization prior to February 10, 1857, and there were no records or minutes prior to that date. The corporators had the right to abandon and annul the subscriptions obtained and open new books. The part payment of his subscription by defendant is of no importance as it was made under a mistake as to the facts.

*Currier,* for respondent.

I. It is a legal presumption that a corporation keeps records of its transactions. (4 Wheat. 424; 3. Metc. 282; 1 How., Miss, 479; 12 Wheat. 68; 10 Johns. 154.) Parol testimony could not be let in without first accounting for the absence of the record. No legal defence is set up in the

answer or offered to be proved. There was not in plaintiffs a right of rescission of the subscription. It could not be rescinded without the consent of both parties. The case shows that after the pretended rescission of the contract it was ratified and confirmed by the parties. On the 26th of June, 1857, defendant paid the assessment of fifty dollars on the stock. At later dates he impliedly admitted his liability.

EWING, Judge, delivered the opinion of the court.

The question in this case arises upon the offer of the appellant, (who was a subscriber to the capital stock of the Southern Hotel Company,) to prove by one of the corporators, Joseph Chambers—who was also a member of the first board of directors—that the subscription list, on which the witness' name appears as a subscriber for one hundred shares and that of the appellant for five shares, was opened and completed prior to the month of October, 1856 ; and that the said subscription was afterwards abandoned and annulled by the said corporators. This evidence, on the objection of the respondent, was excluded by the court, on the ground that the facts could only be proved by the record showing the action of the corporate authorities, unless the absence of such record was accounted for. To this ruling of the court the appellant excepted, and this is the only question the record presents for our consideration.

The answer alleges substantially that the corporators entered into an agreement for a lease of certain premises on which to erect their hotel, and commenced obtaining subscriptions to the capital stock ; that they afterwards annulled the contract for a lease, and opened a new subscription book ; and, when the new subscription was filled up to fifty thousand dollars, they organized the company on the 10th of February, 1857 ; that the appellant was a subscriber for five shares in the first opened book, which was set aside and abandoned, and never became a subscriber on the second on which the company was organized. He further alleges that the payment made by him on his subscription was under a

mistake and without knowing at the time that said subscription had been abandoned. The books and papers containing the proceedings of the stockholders and directors of the company were produced by the secretary—the first, consisting of the proposition of Mr. Gibson and a subscription list annexed, dated in April, 1856, and one of a subsequent date, October, 1856, being a modification of the former, to which is also appended a list of subscribers—and the other, the proceedings in the organization of the company and subsequent thereto. The name of the appellant appears on the first mentioned subscription paper, but not on the second ; and it is admitted that all the proceedings of the corporators and directors, of which any record is preserved, appear in the books produced by the secretary. The record contains no evidence of the abandonment of the subscription on which the name of the appellant appears. If it had been abandoned or annulled, it could only be shown in the manner proposed by the appellant. It is not a question here whether, if there had been any record of such action, the parol evidence offered would have been inadmissible ; for of that there would be no doubt. But the question is whether, supposing there was an actual abandonment of the first subscription, the defendant was at liberty to show it by the testimony offered. The charter constitutes the corporators therein named the first board of directors, any three of whom may at any time after the passage of the act cause books to be opened for subscription to the capital stock of said company, in such manner and at such times and places as they may see fit. These corporators would have no right to set aside or annul subscriptions at their pleasure, without the assent or acquiescence of the subscribers ; but why may not the subscribers, before the rights of third persons have intervened, agree to abandon their subscription, and to regard it as no longer of any force or effect ? Who is there to question their right to do so, or the manner in which it is to be exercised ? If in any case, where the preliminary proceedings of the commissioners in opening books or taking stock

are not conformable to the charter or law, when the charter prescribes a particular course, (though it does not in the case before us,) or if from any other cause the subscribers and commissioners should agree to abandon the subscription and to consider their proceedings a nullity, surely it would be competent to take parol evidence of the fact in the absence of better, should it become necessary to do so.

Again, what is there in the charter or general corporation law requiring the proceedings of the corporators or directors to be matters of record? or does the validity of their acts depend upon their being made a matter of record? It is well settled that the acts of a corporation, evidenced by vote, written or unwritten, are as completely binding upon it as the most solemn acts done under seal; that they may make parol promises either by vote or through their authorized agents, and that such promises may as well be implied from its acts and the acts of its agents as by deed. (Angell & Ames on Corp. 237; 7 Cranch, ——; 5 Wheat. 325. See also Edgerly v. Emerson, 3 Foster, 566.) In Trustees of St. Mary's Church v. Cagger, 6 Barb. 579, the trustees had passed a resolution submitting a proposition, which had been transmitted to and accepted by Cagger, but it did not appear from the record that the report, (adopted at a meeting of the trustees,) or any resolution thereon, had been adopted by the trustees; but the secretary testified that they were adopted. The admission of this evidence was assigned for error, on the ground that no such vote of the trustees being on record, secondary evidence could not be admitted to prove that such a vote had been actually passed. It was held to have been properly admitted. The objection was not put upon the ground that higher evidence existed on the minutes of the board of trustees; for it appeared affirmatively that no record was made of the vote adopting the report and resolutions. The court observes that formerly it was supposed that the acts of corporations could only be established by positive record evidence, and that no corporate act could be binding without being reduced to writing and bearing a cor-

porate seal; but these doctrines have long since ceased to be maintained by our courts. On the contrary, it is now perfectly well settled that the acts of corporations may be proved in the same manner as the acts of individuals. If there be no record evidence, they may be proved by the testimony of witnesses, and, even where no direct evidence of such acts can be given, facts and circumstances may be proved from which the acts may be inferred.

We think the court erred in excluding the evidence offered, and the judgment is reversed and the cause remanded.

Judge Scott concurs. Judge Napton absent.