WILLIAM HENRY v. THE RUTLAND & BURLINGTON RAILROAD COMPANY.

### Construction of vote.

By a vote of the directors of a railroad corporation, general services rendered by the directors, for the company, were to be performed without pay; but for all special services required of them which should call them from home, they were to be allowed not exceeding $2.00 per day, and expenses.  *Held*, that this was a limitation upon their compensation for such services only as could not have been performed by persons who were not directors, and which were not rendered by them in any other than their official capacity.

BOOK ACCOUNT.  The disputed items in the plaintiff's account were charges for 574 days services at $5.00 per day.  The auditor reported that the plaintiff performed the services, and that they were reasonably worth the sum charged; and he also reported the following facts.  At the time of performing the services, the plaintiff was one of the directors of the Rutland and Burlington Railroad Company, formerly the Champlain and Connecticut River

Railroad Company, and also one of the executive committee, which was a committee appointed by the directors, from their own body, as a council of advice and assistance to the president, during the construction of the road. At a meeting of the directors, held January 13, 1847, the following vote was passed:

"*Resolved,* That general services rendered by the directors of " the Champlain & Connecticut River Railroad Company, be per- " formed without pay; for special services required of any of the " directors, which will call them from home, they shall be allowed " not exceeding two dollars per day, and expenses, under the direc- " tion of the executive committee."

The plaintiff knew of this vote soon after it was passed. The services were rendered at the request of the president of the defendants, and consisted in superintending the construction of the road from Bellows Falls to Mount Holly, conferring with the contractors, purchasing ties and other materials, and settling land damages.

The auditor found and reported that if the plaintiff was entitled to recover for his services, as charged, without being controlled by said vote, the balance due to him was $5,435.65;—but if he was controlled by the vote, the balance due would be only $3,713.65.

The county court, September Term, 1854,—UNDERWOOD, J., presiding,—rendered judgment on said report for the largest sum named by the auditor. Exceptions by the defendants.

*J. D. Bradley* for the defendants.

*Stoughton & Baxter* for the plaintiff.

The opinion of the court was delivered by

ISHAM, J. The auditor has found that the services, as charged by the plaintiff, were not only rendered, but that the charges are reasonable in amount. That finding is conclusive upon those matters, if the amount of compensation is not limited by the vote of the directors. Whether the services charged in this account are limited by that vote is the question in the case. They obviously are so limited, if they could not have been rendered in any other capacity than as director. Services of that character cannot be delegated to others. The plaintiff's duty, as a director, must be

discharged by him individually, in the exercise of his own judgment and discretion. This is a safe and proper rule to ascertain whether these services are of that character, and fall within the purview of that vote. *Lyon* v. *Jerome,* 26 Wend. 485. Ang. & Ames on Corp. 211.

At the same time there are services which may be rendered for the benefit of a corporation, the performance of which may be delegated, by the directors, to other persons. For that purpose, the directors may employ, as their agents, those who are not members of the corporation, or they may employ one of their own number. Ang. & Ames on Corp. 211. A director is not incapacitated to discharge those duties and receive the same compensation which other agents would be entitled to recover. *Chandler* v. *Monmouth Bank,* 1 Green N. J. 255. Ang. & Ames, 255. This, we think, is the character of the services for which this suit is brought. The directors, under the powers given them by their charter, having concluded to construct that portion of this railroad, were authorized to employ some one to superintend its construction. That duty might have been delegated to an engineer, or sub-engineer, or other agent, and equally so to the plaintiff, as one of their number. In rendering those services, the plaintiff was not acting in his official character, as director, but as the agent of the corporation, and his compensation is no more limited by that vote, than it would be if the services had been rendered by others, who were not directors.

The judgment of the county court is affirmed.