WILLIAM J. PRESTON, Plaintiff in Error, *v.* THE MISSOURI AND PENNSYLVANIA LEAD COMPANY, Defendants in Error.

51 43
f 84a 397
51 43
166 33

1. *Corporations — Bills and notes — Agent, authority of to draw bills, may be conferred by corporation by parol.* — The officers of a corporation, unless prohibited by the charter, may confer authority upon its agent to draw and execute bills of exchange on behalf of the company. No action in writing on the part of the board of directors is necessary in order to vest such authority in the agent.

*Error to Washington Circuit Court.*

*Dillingham* and *Dinning*, for plaintiff in error.

I. Corporations, like natural persons, are bound by the acts and contracts (though not under seal) done by their agents and made within the scope of their authority, and parol evidence is admissible upon the agency and authority. (29 Mo. 68 ; 33 Mo. 354 ; 28 Mo. 415–491 ; 30 Mo. 118, 452 ; 38 Mo. 228 ; 5 Kent's Com. 292 ; Ang. & Ames on Corp., §§ 294, 297; Sto. Agency, 53.)

II. As the appointment of an agent may be implied from the recognition of his acts or the permission of his services, so may the extent of his authority, from the powers usually given to one in his station. (Ang. & Ames on Corp. 339 ; Sto. Agency, 75.)

III. In general, the appointment and authority of an agent of a corporation may be implied from the adoption or the recognition of his acts by the corporation or its directors. (14 Barb., N. Y., 358 ; 1 Doug., Mich., 106 ; 12 Ala. 772.)

IV. Acts of a corporation may be proven in the same manner as the acts of individuals. (30 Mo. 118 ; Ang. & Ames on Corp. 328.)

*Reynolds & Relfe*, for defendant in error.

Not only must the agent be authorized by the directors, but by the directors as directors ; and the mere fact that some of the directors were present when the note was drawn, is not even a circumstance to show that they authorized it officially. (President, etc., of Westfield Bank v. Corner, 37 N. Y. 320 ; Central Bank v. Empire Stone Dressing Co., 26 Barb. 23 ; Ang. & Ames

on Corp., § 238.) The best evidence of this, though of course not the only evidence, was the books of the company. Plaintiff never laid the foundation for parol evidence of the proceedings of the directors by showing that their books made no mention of the transaction, or were absent in the custody of defendant, and the charter of the company expressly required books to be kept.

ADAMS, Judge, delivered the opinion of the court.

This was a suit commenced by attachment on a bill of exchange alleged to have been drawn by the defendants on Charles Gibson, at six months, in favor of one Long, who delivered it to one Walbridge; that Walbridge afterwards sold it to plaintiff; that the bill was accepted by Gibson, but was not paid on presentment, of which the defendants had due notice, and that defendants had no funds in the hands of Gibson to meet his bill. The plaintiff alleged that the chief office of business of defendants was outside of the State of Missouri, and on this ground the attachment was issued.

The defendants filed a plea in abatement of the attachment, which was tried and resulted in a verdict in favor of defendants, and judgment dissolving his attachment. A motion for a new trial was filed and overruled, but no exception was saved to this action of the court, and no further notice will be taken of it.

The defendants then filed an answer denying the execution of the bill of exchange, and set up other defenses which it is unnecessary to detail, as no action was had on them. The plaintiff, to sustain the issues on his part, offered evidence conducing to prove that the bill of exchange was drawn by one Poor as secretary of the defendants, and that Poor had been in the habit of drawing such bills; also evidence conducing to show that the bills so drawn had been paid by the company; and he offered to prove by parol that this bill had been authorized to be drawn at a meeting of the board of directors. The plaintiff also offered to prove that this bill was given in purchase of land for the company, and offered to read the charter and amended charter of the company, all which evidence was rejected by the court, for the alleged reason that the books of the company must show the action of the board

of directors in authorizing this bill to be drawn, and that plaintiff had no right to resort to secondary evidence without accounting for the non-production of the books.

The plaintiff offered to read the bill to the jury upon the evidence offered, and the court refused to permit him to do so, upon the ground that there had been no competent proof offered of its due execution.

The plaintiff took a nonsuit, with leave to move to set it aside, and did file a motion to set it aside, which was overruled; and this ruling, as well as the ruling of the court in rejecting his evidence, was duly excepted to.

The charter of this company authorizes it to purchase and dispose of real estate for the purposes of its business, and, like other corporations, it is authorized to contract and be contracted with. Its business is conducted by a board of directors, but the charter does not require that the acts of the board of directors shall be recorded or kept in writing. There is nothing in the charter requiring contracts by the company to be executed in any particular mode.

I take it that this company had the power to execute bills of exchange in the purchase of lands to be used for the purposes of its creation, and might do so through any of its officers authorized to draw such bills. This authority need not be proved by writing, or by the books of the company. If such authority was in writing and entered on the books of the company, then it might be a question whether the evidence offered was legitimate, and whether it was not secondary evidence; but that question is not properly before this court. It was not admitted that there was written authority upon the books, but the objection seemed to be that there could be no parol authority for drawing bills, and that to prove the proper execution of such bills the action of the board of directors in writing must be produced. This doctrine has long since been exploded. The old rule, requiring the acts of a corporation to be manifested by its corporate seal, was set aside at an early day in this country. In 1813 the Supreme Court of the United States (Bank of Columbia v. Patterson, 7 Cranch, 299) held that "whenever a corporation is acting within the scope of the legitimate

purposes of its institution, all parol contracts made by its author-
ized agents are express promises of the corporation ; and all duties
imposed on them by law, and all benefits conferred at their
request, raise implied promises for the enforcement of which an
action may well lie." Afterwards, the same court, in The Bank
of the United States v. Dandridge, emphatically declared that the
acts of a corporation, like those of a natural person, might be
proven by parol where the charter did not require a different rule
of evidence ; and that, when the charter did not require the acts
of the board of directors to be in writing, they might transact
their business by parol. The opinion of the court was delivered
by Judge Story. Chief Justice Marshall, however, delivered a dis-
senting opinion, holding that although the old doctrine in regard
to seals was exploded, yet the acts of a corporation through its
directors must be in writing, and that the only way in which such
an ideal being could manifest its acts was by writing.

The learned Chief Justice presided over the Circuit Court in ·
Virginia, from which this appeal was taken, and his dissenting
opinion, upholding the views of the Circuit Court, was very able
and elaborate. In the conclusion of his opinion he used this lan-
guage : "I have stated the view which was taken by the Circuit
Court of this case. I have only to add that the law is now settled
otherwise, perhaps to the advancement of public convenience. I
acquiesce, as I ought, in the decision which has been made, though
I could not concur in it."

The doctrine laid down by the court has been advanced by the
courts of Massachusetts and other States, and has been followed
without dissent, so far as I know, ever since. ( Christian Uni-
versity v. Jordon, 29 Mo. 68 ; Southern Hotel v. Newman, 30
Mo. 118 ; Buckley v. Briggs, 30 Mo. 452 ; Fayles v. National
Ins. Co., 49 Mo. 380 ; Western Bank of Missouri v. Gilstrap, 45
Mo. 419; 2 Kent's Com. 291 ; Davenport v. Peoria Ins. Co., 17
Iowa, 276 ; Dunn v. Rector, 14 Johns. 118 ; American Ins. Co. v.
Oakly, 9 Paige, 496 ; Magill v. Kaufman, 4 Serg. & R. 317;
Ang. & Ames, § 237; Dillon on Mun. Corp., § 383 and notes.)

The charter of the defendants was passed in 1864, and amended
in February, 1865. The act concerning corporations, approved

November 23, 1855, was then in full force, and such parts of this statute as were not excluded by this charter entered into and formed a part of it.   Section 8 of the above act provides that "parol contracts may be binding upon aggregate corporations if made by an agent duly authorized by a corporate vote or under the general regulations of the corporation, and contracts may be implied on the part of such corporations from their corporate act, or those of an agent whose powers are of a general character."

This section is only declaratory of what the courts uniformly held the law to be, before its passage, and does not abrogate any of the doctrines laid down by the courts in regard to the proof of corporate acts by parol, or the ratification of the acts of their agents.   In my judgment a corporation may ratify the acts of an agent in the same manner as a natural person, unless it is prohibited by the express provisions of its charter.

Under this view the judgment must be reversed and the cause remanded.   The other judges concur.

The reversal does not apply to the proceedings on the attachment.   The action of the court in regard to the attachment must stand affirmed.