### POLK v. REYNOLDS ET AL.

DITCHING COMPANY.—*Individual Liability.*—Where a member of a ditching association is employed by and performs labor for such association, the other members thereof, as individuals, are jointly liable to him for their proportionate share of the value of such labor.

From the Gibson Circuit Court.

*D. F. Embree* and *W. M. Land*, for appellant.

*W. F. Trippit* and *C. A. Buskirk*, for appellees.

PERKINS, J.—Suit by Polk, the appellant, for work and labor done for a ditching company. The suit is against the defendants, personally, they being members of the said ditching company, for their proportion of the amount due the plaintiff for work done for the corporation, the plaintiff also being a member of said corporation. A demurrer was sustained to the complaint, and there was final judgment for the defendants.

Where a ditching company is not legally organized, it has been held by this court that it could not enforce the collection of assessments. *The Newton County Draining Co.* v. *Nofsinger,* 43 Ind: 566, and cases cited.

But it was decided, in *Shafer* v. *Moriarty,* 46 Ind. 9, that, "where a ditching association was organized under, though not in strict conformity to, the law therefor, by persons who had subscribed articles of association which contemplated the construction of a ditch upon which the plaintiff performed manual labor, such persons" could not deny the corporate existence of the company in an action against the individual members, to recover for such labor.

The only difference between that case and this, is, that there, a third person was employed by the corporation to perform the labor, while here, the person employed was a member of the corporation.

The liability to pay for the labor done arises from the employment of the laborer by the corporation; and we think the liability is the same, whether the laborer so employed be a member of the corporation, or a third person.

The judgment is reversed, with costs, and cause remanded for further proceedings in accordance with this opinion.