JACOB BESCH, Respondent, v. WESTERN CARRIAGE MANUFACTURING COMPANY, Appellant.

St. Louis Court of Appeals, May 14, 1889.

Corporations: SALARIES MUST BE FIXED BY CORPORATE ACTION. The compensation of the superintendent of a corporation, who is also a director, must be fixed by corporate action, a record of which should be made upon the books of the corporation.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

REVERSED AND REMANDED.

*Martin, Laughlin,* and *Kern,* for the appellant.

The contract sued on was not a contract with the corporation. *Finley v. Kurtz,* 34 Mich. 89; *Bennett v. Car Roofing Co.,* 19 Mo. App. 349.

*Robert W. Goode,* for the respondent.

BIGGS, J., delivered the opinion of the court.

This is an action for a balance claimed by the plaintiff to be due him from the defendant corporation, for salary as vice-president and superintendent of the corporation. The defendant is a business corporation organized and incorporated on the first day of November, 1886,

under the general law of the state, entitled "manufacturing and business companies," and since that time, has been doing business as such corporation in the city of St. Louis. The original stockholders were Frederick Bruder (now deceased), Louis Reutz, and the plaintiff. The three stockholders constituted the first board of directors. At the organization of the board, Bruder was elected president, the plaintiff vice-president and superintendent, and Reutz was chosen as treasurer and secretary

The plaintiff claims in his petition that he was employed as superintendent for the corporation at a salary of twenty dollars per week, and that he continued in its employ from November 1, 1886, until November 26, 1887; that the salary due him for the time was eleven hundred and twenty dollars, and that the defendant had only paid him six hundred and sixty-four and fifty-hundredths dollars, leaving a balance due him of $455.50, for which he asks judgment.

The plaintiff's evidence tended to prove that at the first meeting of the board of directors, the salary of the plaintiff as vice-president and superintendent was fixed at fifteen dollars per week. There was a written memorandum kept of the proceedings of the board of directors at the first meeting, but the proceedings were not transcribed on any record book of the corporation. This salary was regularly adopted by the directors, and this was admitted by the plaintiff on his cross-examination. But the plaintiff testified that he was not satisfied with his salary as fixed by the board of directors, and that on the next day after the meeting, Bruder and Reutz agreed that he should have twenty dollars per week. He admits that there was no meeting of the directors, and no action was taken by them as a board. He claimed that the attorney of the corporation said that no meeting of the directors was necessary to effect the change. At the time of the trial Bruder, the president of the corporation, was dead, and Reutz, the

secretary, testified that he and the plaintiff agreed on the change in plaintiff's salary, but Bruder would not consent to it; that there was no meeting of the board and no action taken by it, increasing the plaintiff's salary. The attorney of the corporation testified that he told the plaintiff and Reutz that in order to effect the change, so as to bind the defendant, there would have to be a meeting of the board, and some formal corporate action taken.

The court instructed the jury for the plaintiff that "if the plaintiff was employed by the defendant at a salary of twenty dollars per week, and that the plaintiff had worked for the defendant fifty-six weeks and had only received six hundred and sixty-five dollars then the plaintiff was entitled to a judgment for four hundred and fifty-five dollars." On its motion, the court instructed the jury as follows: "The court instructs the jury that the plaintiff, to recover in this action, must prove that his salary was fixed at twenty dollars per week at a regular and legal meeting of the officers of the defendant, or that it was fixed at that sum by consent of the three directors, viz.: Mr. Bruder, Mr. Reutz, and Mr. Besch." The defendant objected and excepted to these instructions.

The defendant asked the court to instruct that the plaintiff to recover twenty dollars per week for his salary must prove, "that the plaintiff's salary was fixed at that sum, by the officers of the defendant, at a regular and legal meeting." The court refused to so instruct the jury, and the defendant excepted.

The plaintiff's testimony tended to prove that the original agreement was that the plaintiff should receive pay for his services at the rate of fifteen dollars per week. The defendant's testimony was to the effect that the plaintiff was only to receive seven hundred and twenty dollars a year. As there was no controversy as to the time the plaintiff worked or as to the amount

received by him, to-wit, six hundred and sixty-five dollars, under any view there was a balance due him. The real matter in controversy in this court grows out of the instructions.

The court declared as a matter of law and so instructed the jury, that if the *three directors* of the corporation agreed that the plaintiff's salary should be *increased* to twenty dollars per week, then the plaintiff was entitled to recover in this action that amount; in other words, that a meeting of the board of directors was not necessary to accomplish the change.

This court in the case of *Bennett v. St. Louis Car Roofing Co.*, 19 Mo. App. 351, decided, that the directors of a corporation might "employ in good faith, one of their number to perform services for the corporation which are not necessarily incident to the duties of a director." But the court said : "The compensation, however, should be fixed by the by-laws or resolutions before the services are actually rendered, so as to contain the necessary elements of a contract, supported by a sufficient consideration." To the same effect is *Cheeny v. Railroad*, 68 Ill. 570, and *Railroad v. Sage*, 65 Ill. 328.

It would seem that joint or corporate action by the board of directors is necessary in order to bind the corporation in a contract with one of its managing officers. In the case of *Finley Shoe, etc., Co. v. Kurtz*, the supreme court of Michigan (34 Mich. 89) said : "When joint action is required, individual action is of no avail." The same doctrine is delivered in *Shackleford v. Railroad*, 37 Miss. 202. In the case *Commonwealth v. Crane*, 6 Mich. 64, the court, in discussing the right of officers and directors to collect from their corporations compensation, for their services, said : "That they (the officers) may not consume what they are appointed to preserve, their compensation must be expressly appointed, before it can be recovered by law."

In the case of *Kilpatrick v. Penrose Ferry Bridge Co.*, 49 Penn. St. 121, the court said : ''The offices of a corporation are generally filled by the chief promoters of the corporation, whose interest in the stock is supposed to be a motive for executing the duties of the office without compensation, and this presumption prevails, until overcome by express pre-arrangement of salary.''

The fact, that the three directors, in the case under consideration, were the only stockholders, ought not to change the rule. If parties avail themselves of the privilege offered by our statute to conduct their private business enterprises as corporations, they must, in the management, submit to, and be governed by, corporation law. We are of opinion that public policy requires that *all* such contracts should be the subject of direct corporate action, and should be made a matter of record in the books of the corporation. It was so decided, and we think quite correctly, in *Bennett v. St. Louis Car Roofing Co.*, 19 Mo. App. 351, and we are not disposed to make any exception to that rule.

It follows that the jury was improperly directed in this case, and the judgment can not be sustained.

The judgment will be reversed and the cause remanded. All the judges concur.