The Greensboro and New Castle Junction Turnpike Company *v.* Stratton.

No. 13,788.

## THE GREENSBORO AND NEW CASTLE JUNCTION TURNPIKE COMPANY *v.* STRATTON.

CORPORATION.—*Turnpike.*—*Director.*—*Services Rendered by in Construction of.*—*Compensation.*—Where a director of a turnpike company, by agreement with his co-directors, performs labor and furnishes material necessary and proper in the construction and repair of the bridges and road-bed of the turnpike, the capital stock subscribed for the purpose having been exhausted, he is entitled to recover a reasonable compensation for such labor and materials.

From the Henry Circuit Court.

*J. M. Brown* and *R. Warner,* for appellant.

*J. H. Mellett* and *E. H. Bundy,* for appellee.

OLDS, J.—This is an action to recover for the value of work and labor done and performed by the appellee on the turnpike owned by the appellant at appellant's request, and for gravel and materials furnished by appellee to appellant, and used in the construction and repair of the road-bed and bridges of said turnpike.

There is no question as to the pleadings presented by the record. It is stated by counsel for appellant in his brief that a demurrer was sustained to the fourth paragraph of answer, and that the court erred in sustaining the demurrer, but the demurrer is not in the record.

The case, as stated by counsel as shown by the evidence, is to the effect that in 1877 the defendant company was organized to build a turnpike, and an amount of capital stock subscribed and directors to manage the affairs of the corporation elected, the appellee being elected one of the directors. The directors collected all the capital stock subscribed, and expended the same in the construction of the road ; the funds were insufficient to complete the road ; after the funds were

exhausted, the directors made an effort to have a tax levied to complete the road, but did not succeed. The directors, then consisting of appellee and Wood and Copeland, agreed by and between themselves to finish the road, appellee to do three-fifths of the work and the others one-fifth each, and, pursuant to this agreement, they completed the road and put it in operation and collected toll for its use. Appellee was from time to time re-elected director, and served as such until the first of the year 1886, when he was succeeded as director, and brought this suit.

The only alleged error properly presented by the record and discussed, is the giving of instruction No. 2 by the court, which instruction is as follows :

" 2d. If, at the time the work and labor sued for was done, the plaintiff was a director of the defendant company, no contract or agreement between him and his co-directors concerning said work or the price to be paid therefor, or the necessity or propriety therefor, could bind the company. But if the stock and means of the company were exhausted in building the road, and it was impossible by reason thereof to complete the road, and the directors agreed among themselves to complete the road, each doing a portion of the work necessary to finish the road according to the respective amounts of their stock, and charge the same to the company, and, in pursuance thereof, the plaintiff did a portion of the work sued for in finishing and completing the road, and it was to the best interest of said company to do said work, and it was necessary and proper to be done, taking into consideration all the circumstances and conditions of the road, the company would be liable in this action for the reasonable value of the work done."

In Waterman's Law of Corporations, vol. 2, p. 367, the law is stated as follows :  " When a director performs duties outside of those devolving upon him as a director, under an appointment by a resolution of the board, he will be entitled to compensation." Again, in vol. 1, p. 461, it is said :  " A

director, by resolution of the board, may be empowered to transact any business or agency in behalf of the corporation; and unless there is some agreement express or implied from the circumstances attending such appointment, to the contrary, the law will infer a contract on the part of the corporation with its agent, whether he be a director or a stranger, that he shall receive for such service a reasonable compensation."

In the case of *Rogers* v. *Hastings, etc., R. W. Co.*, 22 Minn. 25, the plaintiff was a director of the company, and was, by resolution of the board of directors, appointed land commissioner of the company, and brought suit for his services as such commissioner; and the court says : " To entitle the plaintiff to recover for his services as land commissioner, it was not necessary that he should have received a formal appointment from the board, nor that his employment should have been formally authorized or ratified. If the services were performed under employment by an officer of the company, with the knowledge of the directors, and the company receive the benefit of them without objection, the company is liable upon an implied contract to pay the reasonable worth of the same."

In the case of the *Santa Clara Mining Ass'n* v. *Meredith*, 49 Md. 389, the court states the rule of law to be, that " If a president or director of a corporation renders services to his corporation which are not within the scope of, and are not required of him by, his duties as president, or director, but are such as are properly to be performed by an agent, broker or attorney, he may recover compensation for such services upon an implied promise."

This, we think, the true rule, as supported by the great weight of authority. *Chandler* v. *Monmouth Bank,* 1 Green (N. J.) 255 ; *Shackelford* v. *New Orleans, etc., R. R. Co.*, 37 Miss. 202 ; *New Orleans, etc., Co.* v. *Brown,* 36 La. Ann. 138 ; *Cheeney* v. *Lafayette, etc., R. W. Co.*, 68 Ill. 570 ; *Henry* v.

*Rutland, etc., R. R. Co.,* 27 Vt. 435 ; *Polk* v. *Reynolds,* 54 Ind. 449.

In the case of *Ward* v. *Polk,* 70 Ind. 309, it was held that one who was a director of a drainage association could recover on a contract made with the directors of the association for the labor performed by him, notwithstanding he was himself a director. *Bristol, etc., Co.* v. *Probasco,* 64 Ind. 406.

We regard the rule of law to be, that when a director of a corporation performs services for the corporation, which are independent and outside of his duties as such director, he has the same right to recover upon an implied contract for such services as though he was not a director, and the same rule applies in regard to materials furnished by a director and used by the corporation.

In this case it is conceded that the services rendered and materials furnished were necessary and proper, and enabled the company to finish and put the road in a condition for use, and to receive compensation for travel upon it, which it could not have done without the labor and materials furnished by the appellee, and he is entitled to recover a reasonable compensation for such labor and materials.

We think there is no error in the instruction given by the court of which the appellant can complain.

Judgment affirmed, with costs.

Filed October 11, 1889.