F. W. REMMERS *et al.*, Respondents, v. SCHIRO SEKY *et al.*, Appellants.

St. Louis Court of Appeals, April 7, 1897.

Corporations: PAYMENT OF SALARIES: PRESUMPTION. In the absence of any by-law or resolution of the board of directors of a corporation, regularly and legally passed, providing for the payment of salaries to its officers, they are presumed to serve without compensation.

*Appeal from the St. Louis City Circuit Court.*—HON. THOMAS A. RUSSELL, Judge.

AFFIRMED.

*B. O. Davidson* for appellants.

A corporation can, no more than an individual, accept the valuable services of one of its officers, outside of his official duties, without incurring the obligation of payment therefor. *R. R. v. Richards*, 8 Kan. 109. See, also, 3 Thomp. on Corp., sec. 4386, and citations; *Construction Co. v. Fitzgerald*, 137 U. S. 98; *Sargent v. Granite Co.*, 23 N. Y. 886; *Outterson v.*

*Paper Co.*, 20 N. Y. 980; *Brown v. Silver Mines*, 30 Pac. Rep. (Cal.) 66; *Bennett v. Car Roofing Co.*, 19 Mo. App. 351; *Ten Eyck v. R'y*, 41 N. W. Rep. (Mich.) 905; *Ketchum v. R. R.*, 59 Mo. 514; Field on Corp., sec. 194; *Mining Ass'n v. Meredith*, 33 Am. Rep. 264.

A corporation, like a natural person, may ratify, affirm, and validate any contract made or act done in its behalf, which it was capable of doing in the first instance; and such ratification may be by conduct *in pais*, and no formal vote or resolution of its directors or the body of the shareholders is necessary to that end. Thomp. on Corp., sec. 5286; *Campbell v. Pope*, 96 Mo. 468; Field on Corp., secs. 155, 167; *University v. Jordan*, 29 Mo. 68; *Ins. Co. v. Seminary*, 52 *Id.* 480; *Preston v. Lead Co.*, 51 *Id.* 43; *Bank v. Gilstrap*, 45 *Id.* 419; 75 *Id.* 178. See, also, *Brown v. Wright*, 25 Mo. App. 544; Thomp. on Corp., secs. 5182, 5250; 5 *Id.* 6955.

*J. R. Myers* for respondents.

Officers of a corporation can not vote for a resolution to fix their own salaries. Such a resolution is void. *Hax v. Mill Co.*, 39 Mo. App. 453; *Mill Co. v. Bennett*, *Id.* 460; *Besch v. Carriage Co.*, 36 *Id.* 333; *Pfeiffer v. Brake Co.*, 44 *Id.* 59.

Unless a by-law or resolution, authorizing the payment of salary to the officers, is passed by the stockholders of the company before the services have been actually rendered, the law presumes that the officer's holdings of stock were sufficient inducement for rendering the services, and he can not recover for such services. *Besch v. Carriage Co.*, *supra*.

BLAND, P. J.—The Oriental Novelty Company was a business corporation organized under the laws of

this state and had its situs in the city of St. Louis. F. W. Remmers, Schiro Seky, and Carrie Seky, were the three principal stockholders, and were the board of directors of the corporation, Remmers, president, Schiro Seky, vice-president, and Carrie Seky, secretary and treasurer. Remmers and Seky, without corporate action, fixed the salaries of themselves at $15 per week, and that of Carrie Seky at $6. The salaries thus fixed were paid when the corporation had money. On April 7, 1896, at an adjourned meeting of the board of directors, attended by Schiro Seky and his wife, Carrie, only, a resolution was passed fixing the salary of Schiro Seky at $15 per week, he to take charge of the manufacturing department of the corporation, and fixing the salary of Carrie Seky at $10 per week, she to take charge of the books of the corporation and assist in the manufacturing department. On July 5, 1896, the corporation, by order of the circuit court of St. Louis city, was placed in the hands of J. R. Meyer as receiver, and on July 14 said Meyer was appointed referee to hear and determine certain claims against the company, among which was the claim of Schiro Seky for $218, on account of wages claimed to be due him for work and labor performed for the corporation from April 7, 1896, to June 7, 1896. The referee found that the claimant rendered the services for which he made charge, and that the services rendered were outside, and no part, of his duties as an officer of the company. That the corporation had no by-law or resolution fixing the duties of the directors, and each officer chose the employment which best suited his desire and fitness to promote the interest of the company. That F. W. Remmers, its president, acted as bookkeeper and office man; Schiro Seky, its vice-president, acted as manager of factory and worked in the same, and Carrie Seky, its secretary and treasurer, sand papered and var-

nished the goods manufactured and made collections of accounts due the company. The capital stock of the company consisted of six hundred shares of the par value of $10 per share. Remmers owned two hundred and ten shares, Schiro Seky two hundred and forty, and Carrie Seky fifty shares. On this state of facts the referee refused to allow the claim. Schiro Seky moved to set aside this finding of the referee. His motion was overruled and he has duly appealed to this court.

The resolution of April 7, passed by Schiro Seky and Carrie Seky employing themselves and fixing their salaries, can not be relied upon to support the appellant's claim; for, according to the decisions in the *Davis Mill Company v. Bennett*, 39 Mo. App. 460, *Hill v. Mining Co.*, 119 Mo. 9, and *Ward v. Davidson*, 89 Mo. 445, that resolution was illegal and void. There was no resolution of the board of directors nor any by-law employing the appellant at any salary, hence there was no contract between him and the corporation employing him upon a salary. *Bennett v. St. Louis Car Roofing Company*, 19 Mo. App. 351; *Besch v. Western Carriage Mfg. Co.*, 36 Mo. App. *loc. cit.* 336. Nor did the fact that Remmers and Seky got together and agreed that a salary should be paid to each of them bind the corporation. The corporation was no party to that agreement, and can not be bound by it. In the absence of a by-law or resolution of the board of directors, legally and regularly passed, providing for the payment of salaries to the officers of a corporation, they are presumed to serve without compensation. *Kilpatrick v. Penrose Ferry Bridge Co.*, 49 Pa. St. 121; *Besch v. Western Carriage Mfg. Co.*, 36 Mo. App. 333; *Pfeiffer v. The Lansberg Brake Co.*, 44 Mo. App. *loc. cit.* 62, 63.

CORPORATIONS: payment of salaries: presumption.

The finding of the referee is well supported by the authorities and ought not to be disturbed. Judgment affirmed. All concur.