J. W. BEACH, Appellant, v. J. W. STOUFFER, Garnishee, Etc., Respondent.

**Kansas City Court of Appeals, April 30, 1900.**

1. **Corporations: SALARY OF OFFICERS: PRIMARY AND SECONDARY EVIDENCE: PAROL.** If an action of a board of directors fixing the salary of an officer has never been in writing, parol testimony of such action is primary evidence; if such action has been in writing and lost such testimony is secondary evidence.

2. ———: **DIRECTORS AS OFFICERS: SALARY: CONSIDERATION.** Directors may employ one of their members to perform services not incident to his directorship; but his compensation should be fixed before the services are rendered so as to constitute a consideration.

Appeal from the Buchanan Circuit Court.—*Hon. A. M. Woodson*, Judge.

AFFIRMED.

*James M. Wilson* for appellant.

(1) We contend that, taking the whole testimony of the garnishee, there was no evidence upon which the court could find that the National Manufacturing Company was indebted to him for services rendered. The compensation of an officer of a corporation, who is also a director, must be fixed by corporate action, a record of which should be made upon the books of the corporation. Besch v. Carriage Co., 36 Mo. App. 333. (2) The court erred in allowing witness Hensley to testify to conversations which took place between garnishee and the other directors about his salary long prior to the incorporation of the company. (3) The evidence of garnishee shows that he never had any intention of claiming salary, prior to the service of garnishment in this case.

*R. L. Spencer* for respondent.

Resolutions of board of directors may be shown by parol. Mill Co. v. Bennett, 39 Mo. App. 460; Hotel Co. v. Newman, 30 Mo. 118.

SMITH, P. J.—The plaintiff had judgment against the National Manufacturing Company, a business corporation, which was insolvent. An execution was issued on the judgment and Stouffer was summoned as garnishee. It appears that garnishee and two others were the directors of the defunct corporation, and that at a meeting of said directors the garnishee was voted a salary of $65 per month. There was some evidence adduced at the trial which tended to prove that the secretary of the board kept its minutes on

slips of paper, but it was not shown whether the resolution of the directors respecting garnishee's salary was written on such slips. The slips were lost and not transcribed in the books of the corporation as far as was known. The books themselves were lost or destroyed. Search was made for them but they could not be produced. The court permitted the garnishee, over the objection of the plaintiff, to introduce parol evidence, the tendency of which was to show that at a meeting of the directors, soon after the garnishee became a director of said corporation, and before any service was by him rendered for which claim for compensation was made, that the said board of directors, by a unanimous vote, passed a resolution to the effect that the garnishee should have a salary of sixty-five dollars per month for his services to be rendered as president and manager of the business of the defunct institution.

It has been ruled in this state that the acts of a corporation evidenced by vote, written or unwritten, are as completely binding upon it as the most solemn acts done under seal; that they may make parol promises either by vote or through their authorized agents, and that such promises may be implied as well from its acts and the acts of its agents as by deed. Hotel Co. v. Newman, 30 Mo. 118. In the case just cited it was said that, "It is now perfectly well settled that the acts of corporations may be proved in the same manner as the acts of individuals. If there be no record evidence they may be proved by the testimony of witnesses, and even where no direct evidence of such acts can be given, facts and circumstances may be proved from which the acts may be inferred." In Preston v. Lead Co., 51 Mo. 43, in speaking of the defendant corporation, it was remarked by the judge who delivered the opinion in the case:

"Its business is conducted by a board of directors, but the charter does not require that the acts of the board of directors shall be recorded or kept in writing. There is

nothing in the charter requiring contracts by the company to be executed in any particular mode. I take it that this company had the power to execute bills of exchange in the purchase of lands to be used for the purposes of its creation, and might do so through any of its officers authorized to draw such bills. This authority need not be proved by writing, or by the books of the company. If such authority was in writing and entered on the books of the company, then it might be a question whether the evidence offered was legitimate, and whether it was not secondary evidence; * * * the objection seemed to be that there could be no parol authority for drawing bills, and that to prove the proper execution of such bills the action of the board of directors in writing must be produced. This doctrine has long since been exploded. * * * In 1813 the supreme court of the United States (Bank v. Patterson, 7 Cranch 299) held that: 'whenever a corporation is acting within the scope of the legitmiate purposes of its institution, all contracts made by its authorized agents are express promises of the corporation; and all duties imposed on them by law, and all benefits conferred at their request raise implied promises for the enforcement of which an action may well lie.' Afterwards, the same court in Bank v. Dandridge, 12 Wheaton 64, emphatically declared that the acts of corporations, like those of a natural person, might be proven by parol where the charter did not require a different rule of evidence; and that, when the charter did not require the acts of the board of directors to be in writing, they might transact their business by parol," citing numerous cases. And in Mill. Co. v. Bennett, 39 Mo. App. 460, which was a case in many respects quite similar to this, it was said that the acts of corporations, like those of individuals, may be shown by parol in those cases where there is no record made, or one made which bears its incompleteness

on its face, or where there is fraud, oversight, omission or mistake.

Directors may, in good faith, employ one of their number to perform services for the corporation which are not necessarily incident to his duties as director. The compensation, however, should be fixed by law or resolution before the services are actually rendered, so as to contain the necessary elements of a contract supported by a sufficient consideration. Bennett v. Roofing Co., 19 Mo. App. 351.

The contract here seems not to have been entered on the corporate records, or, if so, the same were lost or destroyed, and could not be produced. No reason is seen why the evidence was not admissible as primary evidence if the resolution and the vote thereon was never in writing or entered on the corporate books; or, as secondary evidence if entered on the corporate books and such books were destroyed. The evidence was ample to establish the set-off pleaded in the garnishee's reply.

Judgment affirmed. *Ellison, J.,* concurs; *Gill, J.,* not sitting.