TAUSSIG, Appellant, v. ST. LOUIS AND KIRKWOOD RAILROAD COMPANY.

Division One, December 17, 1901.

1. **Services to Corporations:** EVIDENCE: LIABILITY FOR REASONABLE VALUE. Acts of a corporation may be proved in the same manner as the acts of individuals, and a promise to pay the reasonable value of services rendered and accepted may be implied against corporations as against individuals in the same circumstances.

2. ————: DIRECTORS. Directors of a corporation can not receive compensation for their services when rendered in the line of their duty as such, whether by name as directors, officers or members of committees, or otherwise, unless compensation for such services is provided for in the company's charter or authorized by a by-law or a resolution of a board of directors before the services are rendered.

3. ————: DIRECTOR AND OFFICER AS ATTORNEY. A director or other officer of a corporation may recover the reasonable value of necessary

services rendered to the company, entirely outside the line and scope of his duties as such director or officer, if performed at the instance of its officers whose powers are of a general character, upon an implied promise on their part to pay therefor, because rendered under such circumstances as to raise a fair presumption that the officer intended or understood they were to be paid for, or ought to have so intended or understood. So that where the director of a railroad company, who was also its secretary and treasurer, as an attorney at law rendered professional services to the company, at the instance of the general manager and directors, whose benefits were accepted by the company, his right to recover reasonable compensation for such services can not be denied on the ground that his employment, as such attorney, was not evidenced by any formal recorded action of the board of directors fixing compensation therefor.

4. ———: ———: SERVICES RENDERED BEFORE INCORPORATION. An attorney may recover, as upon an implied promise to pay reasonable compensation, for services rendered by him in the preparation of articles of incorporation and for other acts necessary to the organization of a company, of which he became a director and an officer, if such services are accepted by the company.

Appeal from St. Louis City Circuit Court.—*Hon. Franklin Ferris*, Judge.

REVERSED AND REMANDED.

*Bishop & Cobbs, Albert E. Hausman* and *Geo. W. Taussig* for appellant.

(1)  The court erred in holding that it was necessary for plaintiff to prove his employment to do the services set out in the petition by evidence of a resolution of, the defendant's board of directors duly entered on the official minutes of such board, and that plaintiff was not entitled to recover for legal services rendered to defendant while he was a director or secretary or treasurer of defendant, on a *quantum meruit* or in assumpsit.   R. S. 1889, sec. 2511; Preston v. Lead Co., 51 Mo. 45; Southern Hotel Co. v. Newman, 30 Mo. 118; 1 Beach, Priv. Corp., sec. 295; United States v. Dandridge, 12

Wheat. 69; Weeks on Attorneys (2 Ed.), pp. 394, 385; Osborn v. Bank, 9 Wheat. 738; Railroad v. Grove, 39 Kan. 731; Santa Clara Ass'n v. Meredith, 49 Md. 389; 17 Am. and Eng. Ency. Law (1 Ed.), 121, n. 5; Rogers v. Railroad, 22 Minn. 25; Railroad v. Ketchum, 27 Conn. 170; Henry v. Railroad, 27 Vt. 435; Chandler v. Bank, 1 Green (N. J.) 255; Jackson v. Railroad, 2 Thompson & Cook (N. Y.) 653; Hall v. Railroad, 28 Vt. 401; Bank v. Elliott, 55 Iowa 107; Greensboro, etc., Co. v. Stratton, 120 Ind. 294; Gridley v. Railroad, 71 Ill. 200; Reeve v. Harris, 50 S. W. 658; Flynn v. Columbus (Ind.), 45 Atl. 55; Louisville Bldg Ass'n v. Hegan, 49 S. W. 796; Association v. Meredith, 49 Md. 389; Bassett v. Fairchild, 61 Pac. 791, 52 L. R. A. 611, 64 Pac. 1082; Fitzgerald Const. Co. v. Fitzgerald, 137 U. S. 98. (2) The defendant is liable for the first item in the account, being for services rendered in preparing the articles of incorporation, the benefit of which it accepted. Farmers Bank v. Smith, 49 S. W. 810; Freeman Co. v. Osborn, 14 Col. App. 488.

*A. N. Edwards, Dawson & Garvin* and *Leonard Wilcox* for respondent.

(1) An officer or director of a corporation can not recover compensation for services, whether incident to, or wholly outside his duties as such officer or director, unless express provision is made for such compensation and the amount thereof is fixed by resolution, before they are rendered. Remmers v. Seky, 70 Mo. App. 367; Rose v. Carbonating Co., 60 Mo. App. 28; Pfeiffer v. Lansberg Brake Co., 44 Mo. App. 59; Besch v. Carriage Co., 36 Mo. App. 337; Beach v. Stouffer, 84 Mo. App. 399; Brown v. Silver Mines, 17 Col. 421; Association v. Stonemetz, 29 Pa. St. 534; Peirce on Railroads, p. 31; Holden v. Railroad, 71 Ill. 106; Railroad v. O'Hara, 177 Ill. 531; Railroad v. Sage, 65 Ill. 328; Ward v. Davidson, 89 Mo. 454; Crumlish's Admr. v. Central Imp. Co., 38 W. Va.

403. (2) Such provision must be made by shareholders or directors and at a regularly constituted meeting; and the vote must also be spread on record. 4 Thompson on Corp., secs. 3905, 4875; Remmers v. Seky, supra; Barcus v. Plank Road Co., 26 Mo. 105; Paper Co. v. Printing Co., 144 Mo. 369; Hyde v. Larkin, 35 Mo. App. 370; Maupin v. Mining Co., 78 Mo. 26; Wells v. Railroad, 35 Mo. 164; Nat'l Bk. v. Elliott, 5 Iowa 104; s. c., 39 Am. Rep. 167. (3) The law implies that services rendered by an officer or director, without any express understanding beforehand as to compensation, are gratuitous, even though such services are outside the duty of the officer. Remmers v. Seky, 70 Mo. App. supra; Inv. Co. v. Rockland Co., 94 Fed. 337; Pfeiffer v. Brake Co., 44 Mo. App. 59; Pew v. Bank, 130 Mass. 396; Sawyer v. Bank, 6 Allen (Mass.), 210; Bailey v. Burgess, 48 N. J. Eq. 414; Martindale v. Wilson-Cass Co., 134 Pa. St. 352. And as it is the duty of the directors to conduct and manage the business of the corporation, this implication of law remains the same as to the services of a member of the board or a committee composed of members of the board, rendered by him or them under a delegation of its power by the board to him or them. Hutchinson v. Green, 91 Mo. 375; R. S. 1899, secs. 961, 973, 983, 1034; Pew v. Bank, supra; Holden v. Railroad, 71 Ill. 107; Association v. Stonemetz, 29 Pa. St. 536; Hodges v. Railroad, 29 Vt. 220; Ogden v. Murray, 39 N. Y. 202. (4) The distinction sometimes made between services of a director which are incident to his office and those which are outside his office, is not sound. The facts in this case show that whatever services were rendered by plaintiff, were regarded by the entire. board merely as a part of the duties of the board assigned in part to plaintiff, as other duties were to other directors. (5) The plaintiff was properly nonsuited. Pew v. Bank, supra; McMullen v. Ritchie, 64 Fed. Rep. 257; Guenther v. Berkicht, 22 Mo. 448; Morris v. Barnes, 35 Mo. 415; Bank v. Aull, 80 Mo. 202. (6) Plaintiff could not recover for the

services mentioned in the first item of his account. Railroad v. Sage, 65 Ill. 332; Railroad v. Ketchum, 27 Conn. 179; Hall v. Railroad, 28 Vt. 401; Railroad v. Perry, 37 Ark. 164; s. c., 44 Ark. 383; Hill v. Gould, 129 Mo. 116. (7) The amount in dispute, exclusive of costs and interest, is for four thousand five hundred dollars, and, therefore, this court has no jurisdiction. Laws 1901, p. 107.

BRACE, P. J.—The plaintiff is an attorney at law, and this action is to recover the sum of $4,500 and interest, for professional services rendered the defendant from September 1, 1893, until June, 1896. The defendant was incorporated about September 12, 1893. The plaintiff was one of its incorporators. On its organization he became its secretary and treasurer, and one of its directors, and so continued to be during the period of the rendition of the services thereafter charged for. At the close of the plaintiff's evidence, the court gave an instruction that upon the law and evidence the plaintiff could not recover. Thereupon he took a nonsuit with leave, and his motion to set the same aside having been overruled, he appeals.

It clearly appeared from the evidence that the services were rendered, that they were professional services, that they were of the value charged therefor, that they were performed at the instance of the general manager and directors, and the benefits thereof accepted by the corporation; and from the record, that a recovery was denied him on the ground that his employment was not evidenced by any formal recorded action of the board of directors fixing compensation for such services. The crucial question in the case is whether a promise to pay the reasonable value of such services may be implied in his favor, he being a director of the corporation at the time.

(1) It is well-settled law in this State that the acts of a corporation may be proved in the same manner as the acts of individuals, and that a promise to pay the reasonable value of

services rendered and accepted may be implied against cor-
porations as against individuals in the same circumstances.
[Southern Hotel Co. v. Newman, 30 Mo. 118; Western Bank
of Mo. v. Gilstrap, 45 Mo. 419; Preston v. Mo. & Penn.
Lead Co., 51 Mo. 43; Kiley v. Forsee, 57 Mo. 390; South-
gate v. Railroad, 61 Mo. 89; First Nat. Bank of Springfield
v. Fricke, 75 Mo. 178; Maupin v. Virginia Lead Mining Co.,
78 Mo. 24; Holmes v. Board of Trade Kansas City, 81 Mo.
137; Washington Sav. Bank v. Butchers & Drovers Bank, 107
Mo. 133.]

(2)    It is also well-settled law that when a lawyer has
rendered valuable services to another person, the benefits of
which have been accepted by him, a promise to pay the reason-
able value of such services will be presumed against such other
person, unless the circumstances show that the services were
intended to be gratuitous.    [3 Am. and Eng. Encyc. of Law
(2 Ed.), 437.]    And this court has held that a jury knows
more about the value of such services than anybody else.
[Cosgrove v. Leonard, 134 Mo. 419.]

(3)    But it is also well-settled law, that the directors of
a corporation can not recover compensation for their services
when rendered in the line of their duty as such, whether *eo
nomine* as directors, officers, members of committees, or other-
wise, unless compensation for such services is provided for in
its charter or authorized by a by-law, or resolution of the board
of directors before the services are rendered.    [17 Am. and
Eng. Encyc. of Law (1 Ed.), p. 119, sec. 6, and cases cited
in n. 3; Martindale v. Wilson-Cass Co., 134 Pa. St. 348; Loan
Ass'n v. Stonemetz, 29 Pa. St.  534;  Hodges v. Railroad,
29 Vt. 220; Railroad v. Sage, 65 Ill. 328; Taylor on Priv.
Corp. (4 Ed.), sec. 646; 1 Morawetz Priv. Corp. (2 Ed.),
sec. 508; Beach v. Stouffer, 84 Mo. App. 395; Remmers v.
Seky, 70 Mo. App. 364; Rose v. Carbonating Co., 60 Mo.
App. 28; Pfeiffer v. Lansberg Brake Co., 44 Mo. App. 59;

Besch v. Western Carriage Man. Co., 36 Mo. App. 333; Bennett v. St. L. Car Roofing Co., 19 Mo. App. 349.]

Generally in these cases, the director was seeking to recover salary or compensation for services as a director, manager, officer, committeeman, or for other like services nearly or remotely incident to his duties as a director, when no compensation had been provided therefor by formal action of the board, and under this rule a recovery was denied. In some of these and other like cases dicta may be found broad enough to support the ruling of the trial court in this case, and in some, perhaps, the judgment on the facts may be said to give it support. But for authoritative precedents for a correct ruling on the facts of this case, we will have to look elsewhere.

(4) Here the plaintiff, an attorney at law, who is a director of the defendant corporation, as also its secretary and treasurer, is suing for the value of services, not within the scope of or incident to the duties of any of those official positions or relations, but for special personal services strictly in the line of his profession, and entirely outside of the line or scope of any of his official duties. And the question is, what is the rule in such case? The rule applicable to such a case, to be deduced from the modern and best considered cases, is, we think, that a party, although a director or other officer of a corporation, may recover the reasonable value of necessary services rendered to a corporation, entirely outside of the line and scope of his duties as such director or officer, performed at the instance of its officers, whose powers are of a general character, upon an implied promise to pay for such services, when they were rendered under such circumstances as to raise a fair presumption that the parties intended and understood they were to be paid for or ought to have so intended and understood. [Fitzgerald Construction Co. v. Fitzgerald, 137 U. S. 98; Pew v. Gloucester Nat. Bank, 130 Mass. 391; Bassett v. Fairchild, 132 Cal. 637, 64 Pac. Rep. 1082; Nat. Loan Inv. Co. v. Rockland Co., 94 Fed. Rep. 335; Brown v.

Silver Mines, 17 Colo. 421; Greenesboro Company v. Stratton, 120 Ind. 296; Santa Clara Min. Ass'n v. Meredith, 49 Md. 389; Rogers v. Railroad, 22 Minn. 25; Shackelford v. Railroad, 37 Miss. 202; Chandler v. Monmouth Bank, 1 Green (N. J.), 255; Cheeney v. Railroad, 68 Ill. 570; Citizens Nat. Bank v. Elliott, 55 Iowa 104.

In these cases, the whole question is thoroughly discussed and many authorities cited. The rule and its applicability to the case in hand is made manifest by the following quotations from a few of them:

In Fitzgerald Construction Co. v. Fitzgerald, 137 U. S. loc. cit. 111 and 112, Chief Justice FULLER says: "The evidence tended to establish that Fitzgerald acted as treasurer for some months in 1886, and that while so acting he went to expense and trouble in the procuring of money for the company, and in the discharge of duties outside of those assigned to the treasurer as such, as defined in section 6 of the by-laws already quoted; and that as manager or superintendent he procured right of way, superintended the doing of the work, the hiring of the men, the subletting of the contracts, etc., which were matters not at all pertaining to his office as director. The character of all these services placed them outside of official duties proper. The general rule is well stated by Mr. Justice MORTON (since Chief Justice of Massachusetts), in Pew v. First Nat. Bank, 130 Mass. 391, 395: 'A bank or other corporation may be bound by an implied contract in the same manner as an individual may. But, in any case, the mere fact that valuable services are rendered for the benefit of a party does not make him liable upon an implied promise to pay for them. It often happens that persons render services for others which all parties understand to be gratuitous. Thus, directors of banks and of many other corporations usually receive no compensation. In such cases, however valuable the services may be, the law does not raise an implied contract to pay by the party who receives the benefit of them. To render such

party liable as a debtor under an implied promise, it must be shown, not only that the services were valuable, but also that they were rendered under such circumstances as to raise the fair presumption that the parties intended and understood that they were to be paid for; or, at least, that the circumstances were such that a reasonable man, in the same situation with the person who receives and is benefited by them, would and ought to understand that compensation was to be paid for them.' Tested by this rule, we think that the court fairly left it to the jury to determine whether Fitzgerald rendered services of such a character and under such circumstances that he was entitled to claim compensation therefor. It could not properly have been held, as matter of law, that he was not so entitled."

In Greensboro Company v. Stratton, 120 Ind. loc. cit. 296, the Supreme Court of Indiana, speaking by OLDS, J., says: "In the case of the Santa Clara Mining Ass'n v. Meredith, 49 Md. 389, the court states the rule of law to be that, 'If a president or director of a corporation renders services to his corporation which are not within the scope of, and are not required of him by, his duties as president, or director, but are such as are properly to be performed by an agent, broker or attorney, he may recover compensation for such services upon an implied promise.' This, we think, the true rule, as supported by the great weight of authority. [Chandler v. Monmouth Bank, 1 Green (N. J.) 255; Shackleford v. Railroad, 37 Miss. 202; New Orleans, etc., Co. v. Brown, 36 La. Ann. 138; Cheeney v. Railroad, 68 Ill. 570; Henry v. Railroad, 27 Vt. 435; Polk v. Reynolds, 54 Ind. 449.]"

In Nat. Loan & Investment Co. v. Rockland Co., 94 Fed. Rep. loc. cit. 338, SANBORN, J., says: "A thoughtful and deliberate consideration of this entire question, and an extended consideration of the authorities upon it, has led to the conclusion that this is the true rule: Officers of a corporation, who are also directors, and who, without any agreement, express or implied, with the corporation or its owners, or their repre-

sentatives, have voluntarily rendered their services, can recover no back pay or compensation therefor; and it is beyond the powers of the board of directors, after such services are rendered, to pay for them out of the funds of the corporation, or to create a debt of the corporation on account of them. [James v. Morrison, 31 Min. 140, 147, 16 N. W. 854; Blue v. Bank, 145 Ind. 518, 522, 43 N. E. 655; Doe v. Transportation Co., 78 Fed. 62, 67; Association v. Stonemetz, 29 Pa. St. 534; Railroad v. Ketchum, 27 Conn. 170; Road Co. v. Branegan, 40 Ind. 361, 364.] But such officers, who have rendered their services under an agreement, either express or implied, with the corporation, its owners or representatives, that they shall receive reasonable, but indefinite, compensation therefor, may recover as much as their services are worth; and it is not beyond the powers of the board of directors to fix and pay reasonable salaries to them after they have discharged the duties of their offices. [Missouri River Co. v. Richards, 8 Kan. 76, 81; Rogers v. Railroad, 22 Minn. 25, 27; Railroad v. Tiernan (Kan. Sup.), 15 Pac. 544, 553; Stewart v. Railroad, 41 Fed. 736, 739; Rosborough v. Canal Co., 22 Cal. 557, 562.]"

Interesting discussions of this question may be found in some of the other cases cited, especially in the very recent case (1901) of Bassett v. Fairchild, 132 Cal. 637. But sufficient has been said to show the rule, its extent, scope and bearing— and it seems only necessary to add that in this State it is also somewhat reinforced by our statute which provides that, "Parol contracts may be binding upon corporations if made by an agent duly authorized by a corporate vote, or under the general regulations of the corporation; and contracts may be implied on the part of such corporations from their corporate acts, or those of an agent whose powers are of a general character." [R. S. 1899, sec. 974.]

Applying this rule to the case in hand, we must hold that the trial court erred in sustaining the demurrer to the evidence.

(5)    Thus far the case has been considered as if the plaintiff's charges were all for services rendered the defendant after its incorporation, but, in fact, the first item in the account is for "the preparation of articles of incorporation and services in connection with procuring incorporation" and the question remains: what is the rule in regard to that charge? That for such services the plaintiff may recover upon an implied promise to pay their reasonable value is also sustained by the weight of authority, unless the understanding was that they were to be gratuitous. [Hall v. Vt. & Mass. R. Company, 28 Vt. 401; Low v. Railroad, 45 N. H. 370; Low v. Railroad, 46 N. H. 284; Bell's Gap R. R. Co. v. Christy, 79 Pa. St. 54; Little Rock, etc., R. R. Co. v. Perry, 37 Ark. 164, 191; Perry v. Little Rock, etc., R. R. Co., 44 Ark. 383; Morton et al. v. Hamilton College (Ky.), 38 S. W. 1; Freeman Imp. Co. v. Osborn, 14 Colo. App. 488.] The rule is well stated in the syllabus to the Pennsylvania case as follows: "When a number of persons not incorporated but associated for a common object, intending to procure a charter, authorize acts to be done in furtherance of their object by one of their number, with the understanding that he should be compensated; if such acts were necessary to the organization and its objects, and are accepted by the corporation and the benefits enjoyed, they must be taken *cum onere* and be compensated for."

It follows from what has been said that the judgment of the circuit court must be reversed and the cause remanded to that court with directions to set aside the nonsuit, and to proceed with the trial of the cause in accordance with the views expressed in this opinion.  All concur.