Kenneth H. EGGERS, Plaintiff-Appellant,

v.

CENTRIFUGAL AND MECHANICAL INDUSTRIES, INC., Defendant-Respondent.

No. 33118.

St. Louis Court of Appeals.

Missouri.

April 15, 1969.

Bryan, Cave, McPheeters & McRoberts, R. H. McRoberts, Jr., St. Louis, for plaintiff-appellant.

Noel L. Robyn, Clayton, Jerome F. Duggan, St. Louis, for defendant-respondent.

BRADY, Judge.

The determinative issue in this appeal is whether a law firm, which allegedly rendered services to plaintiff in connection with a suit against him by reason of his having been a director of defendant corporation, may recover for such services. The trial court denied recovery holding there was no attorney-client relationship between the law firm involved and plaintiff.

The petition in the instant appeal alleged plaintiff was entitled to "indemnity and reimbursement of and from the defendant of all expenses, counsel fees and costs reasonably incurred by him * * *" as a result of the action "* * * as provided by the laws of the State of Missouri and particularly, but not by way of limitation, Section 351.355, Missouri Revised Statutes, 1959."

In stating the facts we will refer to the parties by their designation in the trial court, to the law firm involved as "Bryan-Cave", and to the St. Louis Union Trust Company as "Union Trust". The facts show Union Trust and Lowell Morris, defendant's General Counsel, were named co-executors of the will of Andrew Howe. Plaintiff is a Vice-President of Union Trust whose basic duties include supervision of investment in closed corporations in estates being administered by the trust company. As a result of Andrew Howe's will the trust company held about 43,000 shares of defendant's stock; 99% of the outstanding shares. The trust officer administering this estate notified plaintiff of this holding. Union Trust deems it advantageous to have one of their officers serve as director of a company under such circumstances and in accordance with that policy plaintiff went on defendant's board. He serves as a director of 25 to 30 corporations under such a policy for so long as Union Trust is interested in the corporation. Plaintiff was paid by Union Trust for whom he continued to perform all his other regular duties. His actions were as officer and agent of Union Trust and not as an individual.

Shortly after plaintiff went on the defendant's board, Loyd F. Howe, Andrew Howe's son who was employed by defendant as a patternmaker, began to harass the defendant's management. A decision was made to discharge Loyd Howe. Morris and plaintiff voted in favor of doing so. Subsequently Loyd Howe filed suit against plaintiff, Union Trust, Wismer, Union Trust's employee who was then handling the details of the administration in the probate estate of Andrew Howe, and others.

When plaintiff was served he showed the petition to Mr. Sheppard, Union Trust's Vice-President and General Counsel, which was the usual procedure when trust officers were sued. The plaintiff thought his only superiors were officers of the trust company and did not consider the defendant's president as his boss although he was elected secretary of that firm. Plaintiff's own testimony was that he did not remember clearly how Bryan-Cave was proposed to represent him. He thinks Mr. McRoberts, Sr. of that firm was given copies of the petitions but he doesn't remember if he was present or what words were said. Neither does he remember if he told McRoberts he wanted him to represent him, nor does McRoberts remember plaintiff making such a statement. It was Sheppard who gave McRoberts the petitions and told him to represent Union Trust, plaintiff and Wismer. Sheppard's testimony was that he said something to the effect he would like McRoberts to represent plaintiff. Bryan-Cave had a contract retainer with Union Trust. Plaintiff never asked defendant to furnish him counsel although he knew that defendant's General Counsel Morris and another attorney were representing the other officers and directors. There was never any contract or understanding of any kind between Bryan-Cave and plaintiff. Neither was

there any discussion about fees or expenses. At the time these actions took place plaintiff did not think he was obligating defendant to pay an attorney's fee.

Additional testimony on this point was given by plaintiff who said he had made no preparations to pay Bryan-Cave and that if he loses he does not know whether he will have to pay them or not, and that the matter had never been discussed with the officers of Bryan-Cave. Plaintiff stated the first mention he heard about an obligation for an attorney's fee was three and a half years after the Loyd Howe case was filed and after the decision in that suit had been rendered. At that time Mr. McRoberts did not tell plaintiff he owed a fee and still hasn't told him so. No one has ever told plaintiff he owes a fee as a result of the Loyd Howe suit.

The other officers and directors of defendant were represented by Morris, defendant's General Counsel; and in addition defendant paid another firm for representation necessitated by Morris's retirement. In the actual trial Morris entered his appearance for all defendants as did his successor. Bryan-Cave entered their appearance for Union Trust, Wismer, Eggers and Morris. On the first day of trial counsel employed by defendant withdrew as attorney for Union Trust, Wismer and plaintiff whereupon Bryan-Cave entered their appearance for those defendants. In defending Union Trust, plaintiff and Wismer, Bryan-Cave set up ledger sheets for expense advances made in connection with the case brought by Loyd Howe. These ledger sheets show that all expenses were charged against Union Trust. On Bryan-Cave's time records it was stated the client was Union Trust. Plaintiff's name does not appear on the time records nor on the ledger sheets as a client. Bryan-Cave did nothing to defending plaintiff any different from what they would have done in defending Union Trust and Wismer.

Plaintiff has never received any kind of bill for legal services and has never been asked to pay the fee or expenses, and has

in fact not paid any amount to anyone for fees or expenses as a result of this litigation. Neither was Union Trust's other employee, Wismer, billed by Bryan-Cave.

The Howe suit was tried from April 27, 1964 to April 30, 1964 and resulted in a directed verdict in favor of all defendants on all counts. The prayer of the petition in the instant appeal is for the entire fee and expenses due Bryan-Cave as a result of the Loyd Howe action including the defense of Wismer and Union Trust.

Section 351.355, RSMo 1959, V.A.M.S., reads as follows in its pertinent parts: "Each director or officer, or former director or officer, of a corporation created under the laws of this state, and his legal representatives, shall be indemnified by such corporation against liabilities, expenses, counsel fees and costs reasonably incurred by him or his estate in connection with, or arising out of, any action, suit, proceeding or claim in which he is made a party by reason of his being, or having been, such director or officer; * * *."

In Taussig v. St. Louis & K. R. Co., 166 Mo. 28, l. c. 33, 65 S.W. 969, it was stated that when a lawyer has rendered valuable services to another who has accepted the benefits of such services, a promise to pay the reasonable value of such services will be presumed unless the circumstances show the services were intended to be gratuitous. See also 7 Am.Jur.2d, Attorneys-at-Law, § 204, p. 166; 7 C.J.S. Attorney and Client § 175, p. 1041. In the instant appeal the services Bryan-Cave rendered plaintiff were intended to be gratuitous so far as he was concerned; Bryan-Cave looking to Union Trust, their client, for any fee due them. The evidence was that Union Trust's Vice-President and General Counsel was the one who told Mr. McRoberts to represent plaintiff as he was informing him to represent Union Trust and another of its employees. In addition, Bryan-Cave admitted that in defending plaintiff they did nothing any different from what they would have done in defending Union Trust and Wismer. The entire course of action

here on the part of Bryan-Cave from the time they were first contacted by Union Trust's Vice-President and General Counsel through the trial indicates they were in fact rendering services to Union Trust. Plaintiff, as an officer and employee of Union Trust, may have benefited thereby but he did so not because Bryan-Cave rendered any services to him for which he was expected or required to pay but rather because his position with Union Trust was such that when Bryan-Cave rendered services to that organization they rendered service to plaintiff. Bryan-Cave's representation of plaintiff was totally incidental to its representation of Union Trust and was in fact upon behalf of the latter. The contract whether express or implied was between Bryan-Cave and Union Trust. In tacit recognition of this Bryan-Cave has admitted they seek in this action to recover for their entire fee and expenses arising from their defense of plaintiff, Wismer and Union Trust instead of merely their fee and expenses arising from their defense of plaintiff. The entire course of events clearly shows Bryan-Cave's actions with regard to plaintiff were actually in defense of Union Trust with whom they had an attorney-client relationship.

Under the undisputed evidence plaintiff has never paid any legal fee or expenses, he has never been asked to pay any legal fee or expenses, he has made no preparation to pay, he doesn't know if he will ever have to pay, and no one has ever told him that he owed anybody a legal fee or expenses.

The word "indemnity" is defined in Webster's New Third International Dictionary (Unabridged) to mean "security or protection against hurt or loss or damage." See case cited 41 Am.Jur.2d, Indemnity, § 1, Note 1, p. 687. In Webster, supra, the word "indemnify" is defined as "to secure or protect against hurt or loss or damage" and "to make compensation to for incurred hurt or loss or damage". Sec. 351.355, supra, refers to "* * * liabilities, expenses, counsel fees and costs reasonably

incurred * * *." The section is so worded as to provide indemnification against loss or damage which the person seeking recovery has "incurred". In the instant case there is no proof of any such loss or damage incurred by plaintiff. Neither is there any proof he will ever be asked to pay for the legal fees and expenses nor that he is in any way responsible for those legal services for which recovery is here sought since the sum prayed for admittedly includes fees and expenses rendered to Wismer and Union Trust.

The judgment is affirmed.

WOLFE, P. J., concurs.