The R. T. Davis Mill Company, Appellant, v. W. D. Bennett, Respondent.

Kansas City Court of Appeals, December 2, 1889.

*Rehearing denied, March 1, 1890.*

1. **Corporations:** DIRECTOR'S VOTE FOR HIS OWN SALARY. A director's vote for his own salary is manifestly illegal and cannot have the effect of adopting a resolution fixing such salary.

2. ———— : RULE AS TO PAROL TESTIMONY TO VARY RECORD OF BOARD'S PROCEEDINGS. In general terms it is held that the acts of a corporation may be shown like the acts of an individual, but this is where there is no record or one bearing its incompleteness on its face; and in other cases, the record should prevail, as where the record purports to give the action in detail, as it occurred.

3. ———— : RATIFICATION: APPROVAL OF RECORD: KNOWLEDGE OF PRESIDENT. The approval of the minutes of a meeting at a subsequent meeting does not legalize the invalid acts attempted at such former meeting; nor can the fact that the president knew of the defendant's paying himself in pursuance of such invalid act of the board have the effect of a ratification or work an estoppel

*Appeal from the Buchanan Circuit Court.*—HON. O. M. SPENCER, Judge.

REVERSED AND REMANDED.

*Green & Burns* and *Lancaster, Hall & Pike*, for appellant.

(1) Evidence that John P. Hax voted for the defendant's salary, when the record made by defendant as secretary, and approved at a subsequent meeting of the directors, shows that he did not, should not have been admitted. *Hawkshaw v. K. of H.*, 29 Fed. Rep. 770; s. c., 24 C. L. J. 129. (2) The by-laws of plaintiff made it the duty of the defendant, as secretary, to "keep the minutes." The directors could only act as a board; and the action of the board was to be known by the minutes kept by the secretary. They were the best evidence. *Owings v. Speed*, 5 Wheat. 421-4; 1 Morawetz, p. 498, sec. 531. (3) The defendant's salary when elected was, and had been for a year or more, one hundred and twenty-five dollars per month, presumably fixed by the board. His continuance in the office by re-election by the same board (holding over) was under the same salary. This was his understanding of the matter, for he accepted that amount till

August 10, 1887. The vote of February 7, 1887, under-
took to raise his salary from fifteen hundred to twenty-
five hundred dollars per annum. His acceptance of the
office with the salary of one hundred and twenty-five
dollars per month attached was an agreement to serve a
year for that rate; and an agreement by the directors
to increase his salary was without consideration, and
void. The plaintiff's fourth instruction should have
been given. *Ward v. Dawson*, 89 Mo. 446.

*E. C. Zimmerman* and *H. K. White*, for the
respondent.

(1) Acts of corporations may be proved in the same
manner as the acts of individuals; if there be no recorded
evidence they may be proved by the testimony of wit-
nesses. *Hotel Co. v. Newman*, 30 Mo. 118; *Mining Co.
v. Gilson*, 51 California, 341. (2) The by-laws of this
company provide that the secretary should receive a
salary; the directors voted that he should receive a
salary. Morawetz [2 Ed.] p. 509, secs. 507, 508;
Morawetz [2 Ed.] p. 527, sec. 526; *Bank v. Drake*,
2 Kans. 311. (3) If it is possible for ratification to be
perfect in all of its requirements, you will find it in
this case. At the meeting at which defendant's salary
was fixed, the salary of the president and manager was
also voted for; the same number of votes and the same
votes that were cast in fixing the secretary's salary were
cast in approval of the motion fixing their salaries.
The record is the same in each case; Hax, the presi-
dent, sues for his salary; Davis, the manager, collects
his salary. The records of this corporation are in
approval of the proceedings of the meeting at which
these salaries were voted for, down to and including the
meeting at which the secretary resigned. 1 Morawetz,
[2 Ed.] p. 491, sec. 490–487; 2 Morawetz [2 Ed.] p. 638,
secs. 638, 639, 624, 626, 632, 635, 623, 628. The check
in payment of the secretary's salary was drawn and

applied with the knowledge and consent of the president of the corporation; the treasurer made a settlement with the bookkeeper of the affairs of his office, and turned over to him the moneys remaining in his office and belonging to the company; he was charged with the money received, on the books of the company.

ELLISON, J.—This action is to recover from defendant eight hundred and thirty dollars, charged to have been illegally taken from plaintiff and converted to his own use. The facts are substantially as follows: Defendant was plaintiff's secretary from 1885 till August, 1887. That he was originally employed at a salary of one hundred and twenty-five dollars per month. That in October, 1886, he was also elected to the position of director and treasurer of the corporation. That at the meeting of the directors in this month, the question of salaries was laid over till next meeting which was held February 7, 1887. At this meeting the question of salaries coming up, the following proceedings were had: Defendant's salary was fixed at twenty-five hundred dollars, three directors voting; two for the salary and one against it. Those voting for it were Fred Hax and the defendant himself; R. T. Davis voting no. The president John P. Hax did not vote, according to the record, that is, his name does not appear at all, either as voting or not voting. It thus appears that the proposition was carried by defendant's vote.

His vote for his own salary was manifestly illegal and did not have the effect of adopting the resolution. Being an officer of the corporation and owing to it the duty of protecting its interests, he could not act for himself, while occupying that relation to the corporation. His duty to the corporation and his self interest were two masters whom he could not serve at the same time. *Ward v. Davidson*, 89 Mo. 454.

But the trial court permitted defendant to offer testimony tending to show that while the record only

shows that three voted on the proposition, that in point of fact John P. Hax voted on the resolution and was not recorded. We think this ought not to have been allowed. It is true that it is in general terms held that the acts of a corporation may be shown like the acts of an individual, but this holding is, generally at least, where there is no record made or one made which bears its incompleteness on its face or where there is fraud, oversight, omission or mistake shown. None of these things appear here and we think the general rule as to the record of the proceedings of bodies of this sort should prevail. See *Hawkshaw v. Supreme Lodge*, 24 Cent. Law J. 129. In this connection, it is well to bear in mind that the record of the vote in one sense shows that John P. Hax did not vote. It purports to give the vote in detail as it occurred, and he does not appear as voting. This record was made up by the defendant as secretary.

Nor do we see anything in the cause which can be rightfully held as a ratification of the proceedings had concerning the secretary on February 7, 1887. The approval of the minutes of that meeting at the succeeding meeting was simply an assertion that the secretary had properly recorded them; among other things, that he had properly omitted John P. Hax from those voting. It could not well be held that the endorsement of the minutes of a previous meeting, as being correct, legalized the invalid acts of such meeting. We do not consider that the fact that the outgoing president knew the defendant drew the check payable to himself for the sum sued for had the effect of a ratification nor does it work an estoppel. Our opinion is that, on the case presented plaintiff should have had a verdict and judgment for the sum received by defendant, in excess of his salary, at the rate of fifteen hundred dollars, the sum he was receiving prior to the attempted increase.

The judgment will be reversed and the cause remanded. All concur.