OSWALD F. KROPP, Appellant, v. HERMANN
BREWING COMPANY, Respondent.

Kansas City Court of Appeals, May 31, 1909.

1. **CORPORATIONS: Contract: Evidence: Record.** Where the
directors and stockholders of a corporation agreed to a verbal
contract for services, of one of their number, and the services
were rendered and received under such contract, the same may
be proved by parol, although there is no record made of the
meeting of the contract. But *held*, the refusal of such evidence
is immaterial in this case.

2. ———: ———: ———: **Jury.** Evidence relating to the employ-
ment of a member of a corporation as its bookkeeper and
superintendent is reviewed, and his claim for the additional
compensation over that received is held fictitious; and that the
court was not bound to submit the matter to a jury, since
it would have been in conscience bound to set aside any
verdict rendered for the plaintiff.

Appeal from Gasconade Circuit Court.—*Hon. R. S.
Ryors*, Judge.

AFFIRMED.

*Brewer & Hensley* and *J. J. Crites* for appellant.

(1) The acts of corporation may be proved in the
same manner as acts of individuals. 10 Cyclopedia of
Law & Procedure, page 1032 (3); Taussig v. Railroad
Co., 166 Mo. 28; Hotel Co. v. Newman, 30 Mo. 118. (2)
A director or other officer of a corporation may recover
the reasonable value of services rendered to the com-
pany, entirely outside the line and scope of his duties as
such director or officer, if performed at the instance of
its officer, whose powers are of a general character, upon
an implied promise on their part to pay for the same.

Taussig v. Railroad Co., 166 Mo. 28. (3) Directors of a corporation can enter into contracts and dealings with the corporation, if they act in good faith, and such contracts are valid and upheld both in law and equity when made by unanimous consent of all the members of the corporation. 10 Cyclopedia of Law & Procedure, pp. 897 (1), 811 (9); Bank v. Shoemaker, 68 App. 592, 1 Mor. Priv. Corp. (2 Ed.), secs. 227, 228, 488. (4) The action of the directors and stockholders employing appellant and fixing his salary, having never been in writing, parol testimony was primary, and the only evidence by which he could prove his employment. Beach v. Stoffer, 84 Mo. App. 395.

*W. S. Pope* and *Robert Walker* for respondent.

(1) The court properly sustained the objection to the offer made by plaintiff's counsel and also properly gave an instruction in the nature of a demurrer. (2) Appellant was a director and officer of the company and was only entitled to such compensation as was provided by special provision. Coal v. Watson, 107 Mo. App. 451; Lapsley v. Bank, 105 Mo. App. 998.

BROADDUS, P. J.—This is a suit on a contract to recover for services rendered by plaintiff for defendant corporation.

The petition alleges that in the year 1906 plaintiff was employed by defendant to act in the capacity of its superintendent, brew master and bookkeeper; for his services as such defendant agreed to pay him $150 per month; that he served in that capacity from the 1st day of May, 1906, to the 31st day of July, 1907, a period of fifteen months, and that there is yet due plaintiff for his services the sum of $1,125.

The answer denies that defendant is indebted to plaintiff for the sum claimed by him or that it ever agreed to pay plaintiff the sum of $150 per month for his services and denies that plaintiff rendered any ser-

vices for defendant from May 1, 1906, until July 31, 1907, for which he has not been paid.

The defendant, further answering, alleges, "That, on the 28th day of April, 1906, the plaintiff was a member of its board of directors and was its president, and that on that day, the plaintiff being present and agreeing thereto, defendant by a resolution of its board of directors appointed plaintiff its general manager at a salary of $75 per month for the first month with extra allowance for spending money in the interest of the business, salary of the future to be determined at the next monthly meeting; and that thereafter until July 31, 1907, plaintiff continued to be a member of its board of directors and its president and also its general manager and was present at its meetings, but that no other provision, contract or agreement was made as to plaintiff's salary or compensation, and that during all that time plaintiff continued in the employment of defendant as its general manager, except as hereafter stated, charging and receiving a salary of $75 per month until July 31, 1907, which was all defendant ever agreed or promised to pay him for his services."

The defendant further sets up two counterclaims, but as it took a non-suit as to them they are not here set out.

The plaintiff's reply negatived the new matter set up in defendant's answer.

After the conclusion of the evidence on both sides, the defendant asked the court to instruct the jury that under the evidence plaintiff was not entitled to recover. The court so instructed the jury, whereupon plaintiff took a non-suit with leave to move to set it aside. In due time plaintiff filed his motion to set aside the non-suit, which the court overruled. Plaintiff appealed.

The stockholders and directors of the company were the plaintiff, Anna Kropp and Hugo Kropp. The plaintiff testified that he was employed by defendant in April, 1906, and that he kept books for a few days and

then wanted to quit.  He was then asked this question, "Then what other agreement, if any, did you have with the defendant company?"  The defendant objected to his answering the question except his employment be shown from the records of the company.  Mr. Crites, plaintiff's attorney, then made the following offer, "Plaintiff offers to show by this witness that on the 1st day of May, 1906, there was a meeting of the stockholders of this ·corporation and brewing company, at which the plaintiff made a statement that he had refused to work and he was then offered and the stockholders agreed  .  .  .  . to pay this plaintiff a salary of $150 per month; furthermore that no minute was made of this and there was no further meeting of the stockholders until November 27, 1906."  The objection was sustained.

The plaintiff then introduced in evidence the record entry of defendant dated April 28, 1906, whereby it was agreed that plaintiff was employed at a salary of $75 per month; and furthermore there was no other meeting of the stockholders until November 27, 1906.

The defendant's counsel on cross-examination drew from plaintiff the statement that he kept his private account in the ledger of defendant.  This account shows that plaintiff credited himself with the sum of $75 for each month during his employment and the credit was designated as wages.  He was asked this question, "Now, how does it come that you just credited yourself with wages of $75 per month?  A.  Because it was the agreement at the meeting that I should only draw $75 per month if the business then shows that it did not pay that much—then I was to draw only $75 of the amount each month."  Again he was questioned as follows, "You charged yourself up with a salary of $75 per month till you quit working there?  A.  No.  Q.  Did you not charge $75 per month as your wages?  A.  That was only a private account of my own.  Q.  You charged up this as wages against the company?  A.  I did not charge

wages; I was working under a different condition; I was crediting myself $75 per month which I got."

The contention of plaintiff is that the court committed error in rejecting the evidence tendered wherein he offered to prove that the defendant by all of its directors and stockholders agreed verbally to pay him $150 per month for his services.

There is no dispute but what all the directors and all the stockholders, being present, had authority to enter into the contract in suit, but we suppose the objection is predicated upon the fact that the contract was not binding because it was not evidenced by some record made of it at the time. Without stopping to investigate that objection, we hold that it can have no effect upon the legality of the contract if plaintiff performed and defendant received the benefits contemplated by the rendition of the services of plaintiff provided for by its terms. [Jones v. Williams, 139 Mo. 1.] We think the evidence was admissible.

But it was an error of no importance as plaintiff in the continuance of his evidence testified that he was only to receive $75 per month salary if the business did not justify more. His contract was a conditional one at most.

Aside from this, his statements that for the whole period of his services he charged and received only $75 per month and never at any time demanded, or charged defendant with, the excess that he claims was due him is incredible; and there can be no doubt in the mind of any reasonable man that his claim was a fiction. Under such a state of the evidence, the court was not bound to submit the issues to the jury for, if by any possible chance plaintiff had obtained a verdict, the court would have been bound in conscience to have set it aside. The court was not required to send the case to the jury when there could have been but one result.

The judgment being for the right party, it is affirmed. All concur.