**INDUSTRIAL LOAN & INVESTMENT COMPANY, Appellant,**

v.

**Firmin D. BOUL and Sandra Sue Boul, Respondents.**

**No. WD 32490.**

Missouri Court of Appeals, Western District.

Jan. 26, 1982.

David Clay Jones, Sedalia, for appellant.

Robert L. Wesner, Wesner, Turley & Kempton, Inc., Sedalia, for respondents.

Before KENNEDY, P. J., and SHANGLER and WASSERSTROM, JJ.

SHANGLER, Judge.

The plaintiff Industrial Loan and Investment Company sued the defendants Boul on a promissory note. The defendants admitted the signatures on the instrument but counterclaimed that they executed the note as proxy for the plaintiff corporation for the purchase of a tract of land conveyed to the Bouls to be held for the corporation.

The counterclaim tendered the deed to the tract to the plaintiff Industrial. The court, after evidence, gave judgment to the defendant on the petition and on the counterclaim and ordered that the Bouls convey the tract to Industrial by warranty deed. Industrial appeals the adverse judgment on the petition and counterclaim.

Industrial was in receivership at the time of suit. The usual business of the corporation was consumer finance and real estate loans. The defendants, husband and wife, served as officers and directors of the corporation prior to receivership and, along with Fritz, constituted the last board of directors of the corporation. Firmin Boul was president, Sandra Boul was secretary, and Fritz was attorney for the corporation. On January 14, 1980, the circuit court entered an order of receivership and appointed Glenn, the nominal plaintiff, as receiver. The corporate records then in the custody of the receiver disclosed, among other instruments, a promissory note dated July 8, 1977, and signed by each of the Bouls individually. The note recited a $31,050 obligation payable on demand with interest at eight percent per annum, secured by a deed of trust to real estate. The corporation ledger disclosed that the principal remained unpaid although an $1,186.80 payment on the interest was made on December 30, 1977.[1] The receiver gave evidence that former corporation president Boul promised, prior to suit, to make full payment from the sale of the tract secured by the note, and in default of that promise, recover the debt. The receiver Glenn gave evidence also, however, that in the course of conversation Boul told him that the loan was only ostensible and merely masked a transaction whereby the Bouls took title to a tract on behalf of Industrial for use as an auxiliary facility for the Bank of Ionia, then an owned enterprise of the Industrial corporation. Indeed, there was other evidence to prove that Industrial owned the Ionia Bank

---

1. Who remitted the payment of interest does not appear—nor, how that comports with the eventual judgment compatible with the counterclaim contention of a proxy transaction, is not explained.

and intended to expand the operations of that facility, but employed the loan device with the Bouls to mask the transaction from competitor banks.[2]

The corporate records then in the custody of receiver Glenn disclosed other elements of the real estate transaction: The remittance by Industrial of the $31,050 on July 8, 1977—contended as the consideration for the promissory note obligation—was not to the Bouls, but to the Monsees by two corporation checks. One, in the sum of $1800, was payable to the Monsees Realty Company and the other, for the balance, was payable to Richard H. Monsees and Janet Monsees. Other instruments among the corporate records were an option to purchase the real estate tract from the Franks to the Monsees and exercised by the Monsees, a warranty deed by the Franks to the Monsees, a warranty deed from the Monsees to the defendants Boul, and a deed of trust from the Bouls to Fritz as trustee for the benefit of Industrial. These records are of events contemporaneous with and sequential to [July 7, 1977 and July 8, 1977] the execution of the note in suit.

■ Industrial contends that the court was bound to enter judgment on the petition because the testimony of defendants Boul admits execution, delivery and nonpayment of the note and raises no affirmative defense to the obligation of the note. A holder of a promissory note in default is entitled to judgment on the petition unless the party charged denies execution by a specific *pleading.* Rule 55.23; *Hudspeth v. Tree Mart, Inc.*, 573 S.W.2d 697, 698 (Mo. App.1978). The formal answer of the Bouls specifically denies execution of the note for value and the counterclaim avoids the effect of signature by allegations that the loan was only ostensible and a facade for the true purpose to acquire the tract for the Ionia Bank operation but concealed from competitors. These averments, albeit within the counterclaim, are an avoidance of the

obligation of the note—the execution included—and are taken as an affirmative defense albeit designated a counterclaim. Rule 55.08. Thus, the "admission" of execution of the signatures by the Boul testimony does not concede the petition but, rather, raises the issue of fact asserted in avoidance of the promissory obligation—affirmatively pleaded and supported by the evidence—that the Bouls acted as surrogates of the Industrial corporation throughout the transaction.

Industrial contends also that the testimony by director Fritz that the Board acted to authorize the Bouls to hold the real estate for the covert corporate purpose of a branch facility for the owned Ionia Bank facility was admitted in the violation of the best evidence rule and, that excluded, the proof does not support the judgment for the Bouls.

Fritz was counsel as well as a director of the Industrial corporation. He described that at some point in the course of the corporate business at a Board of Directors meeting [presumably during year 1977 when he began service] there was discussion, and as a result agreement to acquire a tract for a branch of the Ionia Bank and that, to avoid public knowledge of that purpose, that the title not be named either in Industrial or Ionia Bank but, by eventual conveyances, in the Bouls. Fritz explained that the Industrial remittances to the Monsees for the original purchase and the sequence of conveyances accomplished that clandestine purpose, and that the loan money never went to the Bouls, was not intended for them, nor was the ownership or use of the land. The receiver Glenn objected to the testimony on the ground that the corporate minutes were the best evidence of the corporation actions. And, in fact, the corporate minute book disclosed no record of an authority to purchase the real estate for a branch bank, nor any purpose that the Bouls take title for the corporation by a

---

2. Industrial later divested itself of the Ionia Bank ownership so that the tract of land, as such, became superfluous to its usual business operations.

feigned loan and instruments of ownership. Industrial contends that the evidence was hearsay and not the best evidence.

 Industrial does not say how parol evidence of a meeting not reported in the corporate minutes violates the best evidence rule. That principle constitutes the *recorded minutes* of a Board session the best evidence of the occurrences they report and do not allow *contradiction* by parol evidence. *Buffalo Trust Co. v. Producers Exchange No. 148*, 224 Mo.App. 199, 23 S.W.2d 644, 650[15–17] (1930). Where *no record* of the meeting was made, however, parol evidence may prove the actions taken at the session without disparagement of the best evidence rule. Even where the events of the Board session are recorded, but the account remains incomplete, ambiguous or uncertain, parol evidence is admissible to supplement those lapses. *Davis Mill Co. v. Bennett*, 39 Mo.App. 460, 464 (1889); 9 Fletcher, Cyclopedia of the Law of Private Corporations § 4658 (rev. per. ed. 1975); Annotation: Admissibility of Parol Evidence as to Proceedings at Meetings of Stockholders or Directors of Private Corporations or Associations, 48 A.L.R.2d 1259 (1956).

 Industrial does not argue the effect of § 351.215.1[3] to exclude evidence of the unreported Board action to purchase the Ionia tract through the device of an ostensible loan and mediate conveyance to the Bouls.[4] That statute, in any event, merely enacts an antecedent common law duty [*Howard v. Strode*, 242 Mo. 210, 146 S.W. 792, 799[13] (1912)] and the incidental rule which renders minutes, even recorded, only

*prima facie* evidence of the actions of the session. *Santa Fe Hills Golf & Country Club v. Safehi Realty Company*, 349 S.W.2d 27, 37[10–12] (Mo.1961). Nor may a corporation employ the statute [or the antecedent common law duty to show the actions of the directors by corporation minutes] to defeat an executed agreement performed for the benefit of the corporation—as the sham loan and conveyance to the Bouls. *Scott v. Potter Plumbing and Heating, Inc.*, 596 S.W.2d 492, 494[3] (Mo.App.1980); *Kropp v. Hermann Brewing Co.*, 138 Mo.App. 49, 119 S.W. 1066, 1067 (1909). The reply to the Boul counterclaim merely denies the allegations. Industrial does not contend that the transaction between the corporation and the Bouls was fraudulent or that the Board session actions the counterclaim describes and the evidence shows was merely a paper meeting devoid of legal effect. The evidence of attorney and director Fritz discountenances any irregularity. Industrial contends only that the want of minutes renders the corporation actions hearsay and so inadmissible. The authorities contradict that notion under the circumstances in evidence for the reasons given.

The argument of Industrial fails for a more fundamental reason: the evidence of the Board transaction was otherwise competently shown by the testimony of receiver Glenn, himself, as well as by the instruments of the transaction—all authentic corporation records. That the promissory note was executed by the Bouls without exchange of money or other benefit but was paid directly to others for the purchase of the tract for the corporation, that the ultimate conveyance of the title to the Bouls was for the convenience of Industrial and not to mark real ownership—[that is to say,

**3.** *"Each corporation shall keep correct and complete books and records of* account, including the amount of its assets and liabilities, *minutes of the proceedings of its* shareholders and *board of directors ...."* [emphasis added]

**4.** The land purchase was not entirely without record in the official minutes of the Industrial corporation. The entry for the September 12, 1979 Board meeting [after the Ionia Bank was

divested by Industrial] shows a motion by Director Fritz to purchase the tract from the Bouls for $31,050 [the original purchase price] plus interest. The records do not explain—nor do the briefs or arguments—why Industrial was bound to "purchase" a property it had already paid for—and why, since the note was in terms payable to Industrial, that corporation came under the obligation to pay interest—and, most absurdly, to itself.

the elements of the Bouls defense and counterclaim]—were all proofs already in evidence from the cross-examination of receiver Glenn. That narration of events, moreover, was corroborated by a concatenation of corporation records in the official custody of the receiver witness.

█ The evidence of the Bouls is not entirely fitly ordered. The corporation records which show the December of 1977 payment of interest on the Boul note [from what source, the evidence does not disclose] and the minutes of the September of 1979 session of the Directors to "purchase" the tract from the Bouls on the original terms of price and accrued interest are not consistent [or, at least, not compatible absent explanation] with the other, oral and documentary, evidence given in defense to the promissory note and to prove the counterclaim. A court of review does not weigh the proof, however, but sustains a trial to the court where the adjudication rests on substantial evidence. The judgment of the trial court in favor of the defendants Boul on the petition of plaintiff Industrial and in favor of the defendants Boul on the counterclaim—which directs that the Bouls deliver the deed to the tract in question to Industrial—rests on substantial evidence, comports with legal principle, and is affirmed. *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo.banc 1976).

All concur.