MARY O'BRIEN, as Executrix of Estate of John J. O'Brien, deceased, Respondent, v. JOHN O'BRIEN BOILER WORKS COMPANY, Appellant.

St. Louis Court of Appeals. Argued and Submitted December 8, 1910. Opinion Filed December 30, 1910.

1. **CORPORATIONS: Officers: Compensation Not Allowed, When.** An officer and director of a corporation is entitled to compensation for services rendered, only when such compensation is provided for, either in the articles of association or by-laws of the corporation, or by resolution of its board of directors passed before the services were rendered.

2. ———: ———: **Compensation Allowed, When.** An officer and director of a corporation is entitled to recover compensation for services outside the duties of his office, when such services were performed at the instance of the directors or of an officer having general power, on an implied promise to pay for such services when they were rendered, under such circumstances as to raise a fair presumption that the parties intended and understood they were to be paid for, or ought to have so intended and understood.

3. ———: **Employment: How Proved: Evidence.** Proof of the fact of employment by a corporation is subject to the same rules governing the proof of employment by an individual.

4. **APPELLATE PRACTICE: Conclusiveness of Verdict.** Appellate courts do not weigh the evidence, that being the function of the jury and trial judge.

5. QUANTUM MERUIT: Evidence: Work and Labor: Reasonable Value, How Proved: Corporations. In an action against a corporation on a *quantum meruit* for services alleged to have been performed as its superintendent by plaintiff's testate, evidence by a witness that if he had been in a position to hire a superintendent, he would have been willing to pay a person as competent as he knew decedent to be a certain sum per year was incompetent, since the test of value is not what the witness might have been willing to pay for the services of one as competent as decedent, but, considering the nature and character of his services and the business of defendant, what the reasonable value of such services rendered to others in the same line of business as defendant would have heen.

6. ——: ——: ——: ——: ——. In an action against a corporation on a *quantum meruit* for services alleged to have been performed as its superintendent by plaintiff's testate, testimony as to the salary defendant was paying its general manager at the time of the trial and after the termination of the alleged employment of decedent was improperly received, since the amount of salary being paid the present general manager is no criterion for the determination of the value of the services of decedent, in the absence of a showing that the services performed by, as well as the ability of. the two men were alike.

7. APPELLATE PRACTICE: Review of Instructions: No Challenge in Motion for New Trial. Instructions not challenged in the motion for new trial will not be reviewed on appeal.

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillin*, Judge.

REVERSED AND REMANDED.

*John S. Leahy* for appellant.

(1) The first instruction given for the plaintiff was erroneous, because John J. O'Brien was not entitled to receive salary as an officer, no salary having been provided. Clark and Marshall on Corporations, p. 2049; Taussig v. Railroad, 166 Mo. 33; Rose v. Carbonating Co., 60 Mo. App. 32; Voegeler v. Punch, 205 Mo. 573; Pfeiffer v. Brake Co., 44 Mo. App. 59; Besch v. Carriage Mfg. Co., 36 Mo. App. 333. (2) The bur-

den is on the plaintiff to show that he did work outside of the scope of his office as vice president and general superintendent, to show what that work was, and that the defendant derived some benefit from it, and that the reasonable value of the benefit conferred was the sum claimed. 2 Saunders on Pleading and Evidence (1851), p. 1295; Berringer v. Iron Co., 41 Mich. 307; Bonner v. Runals, 76 Mich. 138; Noonan v. Mackay, 61 Ill. App. 232; Porch v. Agnew, 61 Atl. 724; Caulfield v. Sanders, 17 Cal. 569; Remmers v. Seky, 70 Mo. App. 364. (3)   The second instruction was erroneous because it referred the jury to evidence that had been properly stricken out of the record and because the instruction constituted a comment on the evidence. Miller v. Marks, 20 Mo. App. 371; Copp v. Hardy, 32 Mo. App. 593; Chouquette v. Barda, 28 Mo. 499. (4) The court erred in permitting counsel for the plaintiff to show what the present salary of the manager of the business was now. (5)   The court below further committed error in permitting the witness Wells to testify to his opinion as to what he would have been willing to pay to John J. O'Brien for doing the work of superintending for the defendant.

*Thos. B. Crews* and *Harry J. Cantwell* for respondent.

(1)   The evidence is sufficient to sustain the verdict, and under these conditions, and in the absence of any error reviewable on appeal, should not be disturbed. It is not the province of an appellate court to weigh the evidence, or determine the credibility of the testimony. Woodward v. Cooney, 111 Mo. App. 152; Schergen v. Const. Co., 108 Mo. App. 264; Nephler v. Woodward, 200 Mo. 179. (2)   There was no error in the instructions, and, even if there were, the attention of the trial court was not called, in the motion for

new trial, to any error in the instructions, and therefore no such error can be assigned upon appeal. Snyder v. Railroad, 85 Mo. App. 495; R. S. 1909, sec. 2081; Brady v. Connelly, 52 Mo. 19. (3) There was no error in the admission or exclusion of evidence, except such error as was prejudicial to respondent, and if there were, the appellant not having specifically called the attention of the trial court to alleged error in motion for new trial, cannot now assign such error as ground for reversal, on appeal. O'Neil v. Kansas City, 178 Mo. 100; Honeycutt v. Railroad, 40 Mo. App. 674; Cook v. Clary, 48 Mo. App. 166. (4) The assignment of errors does not specify any error of which the appellant is now entitled to avail himself. Honeycutt v. Railroad, 40 Mo. App. 674; Grocer Co. v. John C. Day, 54 Mo. App. 419; Rule 18, St. Louis Court of Appeals.

REYNOLDS, P. J.—This is an action to recover compensation for services alleged to have been rendered as general superintendent of the appellant company, by John J. O'Brien, deceased, the action being brought by his executrix. The petition contained two counts, one seeking recovery on a special contract for compensation at the rate of $416.66 2-3 a month; the second on a *quantum meruit,* the value of the services being stated at the same amount, the services rendered, as it is alleged, between the 8th of January and 22d of April, 1908. The trial was before the court and a jury.

At the close of plaintiff's evidence and again at the close of all the evidence in the case, defendant interposed demurrers, which were overruled. The plaintiff appears to have abandoned the first count and the court instructed on the second count alone. The jury found in favor of plaintiff on the second count for the full amount claimed, $1458, and judgment followed.

Defendant filed a motion for new trial and that being overruled and exceptions saved, has duly perfected its appeal to this court.

This case presented a very simple issue and there should have been no room for error. It should have gone to the jury on the sole question of whether Mr. O'Brien was employed as general superintendent of defendant, under an implied contract of employment for hire, and if so, what was the reasonable value of his services. He was an officer and director of the defendant and could only be entitled to compensation for any services rendered when compensation for his services was provided for, either in the company's articles of association, in its by-laws or by resolution of its board of directors, passed before the services were rendered; or, being services outside of his duties as director or vice-president, and he was both when the services are said to have been rendered, whether they were performed at the instance of its directors or an officer having general power, "upon an implied promise to pay for such services, when they were rendered, under such circumstances as to raise a fair presumption that the parties intended and understood they were to be paid for or ought to have so intended and understood." Proof of the fact of employment by a corporation being also subject to the same rules as in case of employment by an individual. [See Taussig v. St. Louis & K. R. Co., 166 Mo. 28, 1. c. 34, 65 S. W. 969; Wagner v. Edison Electric Illuminating Co., 141 Mo. App. 51, 121 S. W. 329.] It is also to be remembered, in passing on the competency of witnesses, that in the case at bar Mr. O'Brien is dead. [Banking House of Wilcoxson & Co. v. Rood, 132 Mo. 256, 33 S. W. 816.] We do not think that these issues were kept in mind by counsel in this trial. We make this remark here as the judgment will have to be reversed.

The motion for a new trial assigns ten reasons, the first, second and third to the effect that the verdict is contrary to the facts and the evidence and the law and the evidence; the fourth that the verdict is excessive; the fifth, that there is no evidence upon which the jury could predicate a verdict; the sixth, that there is no evidence as to the reasonable value of the services claimed to have been rendered upon which the jury could predicate a verdict; the seventh, that the defendant has discovered new and important evidence which even with the most perfect diligence it could not have discovered sooner; the eighth, that the court erred in admitting incompetent, irrelevant and immaterial evidence over the objection of defendant; the ninth, that the court erred in refusing to admit competent, relevant and material evidence offered by defendant; tenth, that the act of the corporation is *ultra vires* because its by-laws did not provide for a general manager and plaintiff's decedent knowingly participated in the act.

As to the first, second and third assignments, it is sufficient to say that this court, as an appellate tribunal, does not weigh the evidence; that is for the jury and the trial judge.

The verdict is for the exact amount sued for, excluding any interest, and if plaintiff is entitled to recover at all, we have nothing before us to show that it is excessive. There was some evidence as to the reasonable value of the services claimed upon which the jury could predicate a verdict, so that the fifth ground is untenable. The error, however, for which we are compelled to reverse this case lies, not in the absence of probative evidence, but in the reception of incompetent evidence. The value of the services of the deceased rests, first, on the testimony of a witness who testified that if he had been in the position to hire a superintendent of the defendant works at that

time, he would have been willing to pay a person as competent as he knew John J. O'Brien to be, three or four thousand dollars a year. This is not the test of value. The test is, not what the witness himself might have been willing to pay for the services of one as competent as Mr. O'Brien, but, considering the nature and character of his services and the business of defendant, what the witness, if acquainted with these matters, would say was the reasonable value of the services rendered, not to him, but to others in the same line of business as defendant. As another, and the second test of value which plaintiff was allowed to introduce, was testimony as to the salary the defendant company was paying its general manager at the time of the trial and after the termination of the alleged employment of Mr. O'Brien. This was improperly received, as there was no evidence of what the duties of the general manager now are; what he is receiving now is no criterion for the determination of the value of the services of O'Brien, unless it also appeared that the services, as well as the ability, of the two men were alike. It also appears that the general manager referred to was also president of the company. The seventh ground, newly discovered evidence, is unsupported by any showing. The eighth is covered by what we have said above. The ninth is too general for us to pass upon, unaided by suggestion of counsel. The tenth has no merit in it.

Defendant makes six assignments of error in this court: The first, that the trial court should have sustained the demurrer to the evidence; the second and third, that the court erred in giving to the jury the first and second instructions for plaintiff; the fourth, as to the error in permitting plaintiff's counsel to show what the present salary of the manager of the business was; the fifth, in the admission of testimony that was irrelevant and immaterial; the sixth, that the court

erred in excluding competent and material testimony for defendant. As before remarked, this first assignment of error in refusing to sustain the demurrer to the evidence cannot be allowed; under the evidence before the court and jury the demurrer would not lie. The second and third assignments of error cannot be noticed as in the motion for new trial no complaint whatever is made to the action of the court in giving the instructions. As to the fourth, fifth and sixth assignments, they are covered by what we have said before as to error in admission of testimony. For that error in admission of testimony, we have concluded that the judgment should be reversed. We see no error other than this in the action of the learned trial judge in his rulings on the reception and exclusion of testimony, but we are not to be understood as approving the instructions which were given; as there was no challenge of them in the motion for a new trial, we do not review them. The judgment of the circuit court is reversed and the cause remanded. *Nortoni* and *Caulfield, JJ.,* concur.

