### STANDARD BATTERY MFG. CO. v. WILHELM.

No. 13210.

Court of Civil Appeals of Texas. Fort Worth.

June 28, 1935.

Rehearing Denied Sept. 6, 1935.

Ben M. Terrell, of Fort Worth, for appellant.

W. L. Coley, of Fort Worth, for appellee.

BROWN, Justice.

Appellee, Wilhelm, sued appellant corporation for a claimed balance on back salary due him as an employee.

The case was tried to the court, and, after hearing the pleadings and evidence, the trial court awarded judgment for appellee.

Appellant pitches its appeal on two assignments of error: The first being that the trial court erred in rendering judgment for appellee because he was a director and officer of the appellant corporation and the board of directors never actually fixed, or voted a salary to appellee; the second, the trial court erred in rendering such judgment because the board of directors never passed a resolution authorizing any of its officers to enter into a contract of employment with appellee.

Neither of these assignments of error are sustained by the record.

C. C. Griffin, the president of the corporation, admitted agreeing to appellee's salary, which was fixed by the Vice President Hawkins, but contents himself with testifying that the company was in financial straits, and that he had an agreement with appellee and one other employee whereby it was agreed that they would simply take what was available, after paying the company's debts, out of the cash receipts, for their labors.

The evidence discloses that the company was heavily involved at the time.

The evidence discloses that Griffin was the owner of the major portion of the stock of the corporation, and practically "ran" its affairs.

The books of the company, kept by appellee, show that the salary agreed upon was regularly charged and that all payments on salary were credited to appellee's account.

We do not believe that the judgment in the instant suit can be defeated by some of the statements (relied upon by appellant) found in such cases as Oil Fields Corp. v. Hess, 186 Ark. 241, 53 S.W.(2d) 444, and O'Brien v. John O'Brien Boiler Works, 154 Mo. App 183, 133 S. W. 347; rather do we believe that the general principles announced in such cases support the judgment.

There was never a formal meeting of the board of directors for any purpose, at any time, according to the testimony before the trial court.

The assignments of error are overruled, and the judgment of the trial court is affirmed.